In the
United States Court of Appeals
For the Seventh Circuit

Nos. 98-4296, 98-4323, 99-2607 & 99-2676

United States of America,

Plaintiff-Appellee,

v.

Gary V. Moore, Aaron R. Wyatt, Michael A. Wyatt,
and Dwayne Anthony,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Illinois.
No. 98-40002-JPG--J. Phil Gilbert, Chief Judge.

Argued January 14, 2000--Decided March 29, 2000

Before Flaum, Easterbrook, and Ripple, Circuit Judges.

Easterbrook, Circuit Judge.  Four defendants,
convicted of crimes related to cocaine, have
received stiff sentences. Details of the offenses
are not relevant. One of the four appeals is not
properly here at all. Michael Wyatt pleaded
guilty, was sentenced to 192 months'
imprisonment, and appealed. Yet, as part of his
plea bargain, Michael Wyatt waived his right to
appeal, and nothing in the record suggests that
the waiver is involuntary or otherwise
problematic. We grant the prosecutor's motion to
dismiss his appeal, see United States v. Wenger,
58 F.3d 280 (7th Cir. 1995), and confine this
opinion to the contentions of the other
defendants.

Gary Moore, the only one of the four to stand
trial, sought to cross-examine Michael Wyatt
(testifying for the prosecution as part of his
plea bargain) about a handwritten note that bears
his signature and is notarized. This note reads:

I Michael Wyatt did Not agreed with Aaron
Wayt Wyatt or Gary MooRe or cory at any
time to sell Drug's

It is a peculiar note, and not only because it
looks like Michael Wyatt had trouble spelling his
own family name. The words "to sell Drug's" are

in a blue ink, while the rest of the test is in black, raising the possibility that two people (perhaps at different times) were responsible for the text. Before counsel could get to any questions about the authenticity and provenance of this document, however, the district judge excluded it from evidence on the ground that, by failing to give it to the prosecutors before trial, Moore's lawyer violated Fed. R. Crim. P. 16.

Moore's lawyer did not join issue on the subject. He seemingly wanted the judge to transcend the rules of evidence and criminal procedure in general. That's not a winning line of argument, for courts are entitled to exclude evidence that should have been produced during reciprocal discovery in criminal cases. Taylor v. Illinois, 484 U.S. 400 (1988). Sticking to the details would have done Moore more good, because it is hard to see why Moore had to tip his hand before trial. Of all the discovery requirements, only Rule 16(b)(1)(A) speaks to materials such as handwritten notes in a defendant's possession. It says:

If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the government, the defendant, on request of the government, shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

Because Moore received discovery from the prosecutor, he had to furnish in exchange tangible evidence "which the defendant intends to introduce as evidence in chief at the trial." Yet Moore did not seek to use the note "as evidence in chief at the trial." He tried to use it as a prior inconsistent statement by Michael Wyatt that would undermine his credibility in the jurors' eyes. At oral argument in this court the prosecutor contended that, because either Michael Wyatt or someone else would have to establish the authenticity of the document, this testimony would be "evidence in chief". That assertion sorely misunderstands what it means to offer "evidence in chief" (or evidence in one's "case in chief"). Preliminary issues of admissibility are argued to the court. Fed. R. Evid. 104(a). They are neither part of the case in chief nor part of the defense. Rule 16(b)(1)(A) speaks to how the evidence is used, not to how it is

introduced. Moore sought to use the note to impeach the testimony of a witness for the prosecution; it was not properly excludable under Rule 16.

None of this does Moore any good, however, because he did not argue the substance of Rule 16 in the district court, or for that matter in his appellate brief. Only plain error could justify reversal, and plain error entails, among other things, a conclusion that enforcing the forfeiture would condone a miscarriage of justice. United States v. Olano, 507 U.S. 725, 736 (1993). No miscarriage occurred here. Moore had ample opportunity to show the jurors Michael Wyatt's shortcomings as a witness and as a person. Quite apart from Michael Wyatt's testimony, the evidence against Moore was compelling, and a conviction was foreordained.

None of the defendants' other contentions requires discussion. The most important of these, an argument that the kind and quantity of drugs must be treated as elements of the offense under 21 U.S.C. sec.841 in light of Jones v. United States, 526 U.S. 227 (1999)--has been resolved by an opinion issued after the oral argument of this case. See United States v. Jackson, No. 98-2696 (7th Cir. Mar. 23, 2000). See also United States v. Edwards, 105 F.3d 1179, 1180 (7th Cir. 1997), affirmed, 523 U.S. 511 (1998). All of the rest have been considered, and we approve the district court's disposition of each. The appeal of Michael Wyatt, No. 99-2607, is dismissed in conformity with his plea agreement. In the other three appeals, the judgments are affirmed.