In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 16-2493, -2494

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL PETERSON,

*Defendant-Appellant.*

———————————

Appeals from the United States District Court for the
Western District of Wisconsin.
Nos. 3:06-cr-00139-bbc-1 & 3:15-cr-00142-bbc-1
**Barbara B. Crabb**, *Judge.*

———————————

SUBMITTED FEBRUARY 2, 2017 — DECIDED FEBRUARY 14, 2017

———————————

Before WOOD, *Chief Judge*, and POSNER and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge*. In 2006 Michael Peterson was convicted of distributing crack cocaine, see 21 U.S.C. § 841(a)(1), for which he served eight years in prison. In January 2014, fewer than two weeks after his release and the start of his term of supervised release, Peterson was arrested for drunk

driving while outside the judicial district without permission. His probation officer did not seek revocation at that time, and for nearly two years afterward Peterson took positive steps toward reestablishing his life: He started a business, got married, and began caring for his new stepson.

But in November 2015 Peterson encountered a long-term adversary at a bar. According to Peterson the two men engaged in a verbal altercation (who started it or what it was about remains undetermined), but a surveillance video shows Peterson pursuing his adversary as he left the bar armed with a pistol lent him by a friend "as a means of defense." (Why Peterson pursued him is another undetermined feature of the case.) Out on the street the other man attacked Peterson with a knife, seriously wounding him. Though his borrowed gun was in his waistband, Peterson didn't attempt to use it but instead hid it under a garbage can after fleeing two police officers who had observed the attack.

Arrested and later charged with being a felon in possession of a gun in violation of 18 U.S.C. § 922(g), Peterson pleaded guilty and was sentenced to 48 months' imprisonment, 9 months below the guidelines imprisonment range calculated by the district judge. The judge revoked Peterson's supervised release, the terms of which he'd violated by having been armed, and replaced it with a 6-month term of imprisonment to run consecutively to the 48-month term for the illegal possession. See 18 U.S.C. § 3583(e)(3).

Peterson filed notices of appeal from both the revocation of supervised release and his new conviction, but his appointed counsel advises us that both appeals are frivolous, and therefore seeks to withdraw from representing his cli-

ent, citing *Anders v. California*, 386 U.S. 738 (1967). We invited Peterson to respond to counsel's motion, but he has not done so. Counsel represents that he consulted Peterson and confirmed that he neither wants his guilty plea set aside nor wishes to contest the revocation of supervised release. Left to consider only whether a nonfrivolous argument could be made against the procedural or substantive reasonableness of his client's prison terms, counsel concluded that any challenge to the length of those terms would be futile because the district judge had correctly calculated both the guidelines range and the policy-statement range applicable to the revocation of supervised release, see U.S.S.G. §§ 7B1.1(a)(2), 7B1.4, had treated the ranges as advisory, had evaluated Peterson's arguments in mitigation and applied the sentencing factors set forth in 18 U.S.C. § 3553(a), and finally had imposed a prison sentence below the applicable guidelines and policy-statement ranges. See *United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Counsel further notes that challenging the judge's decision to run Peterson's two prison terms consecutively—which counsel considers to be Peterson's major complaint about the sentence—would conflict with the Sentencing Commission's advice that consecutive terms be imposed when revocation of supervised release is the result of a new prison sentence. See U.S.S.G. § 7B1.3(f) and Application Note 4; *United States v. Taylor*, 628 F.3d 420, 423–24 (7th Cir. 2010). Moreover, both sentences that the judge imposed on Peterson were below their guideline ranges.

Counsel's motion to withdraw is granted and the appeals are dismissed.