In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1494

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KEEFER JONES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:02-cr-20029-HAB-EIL-1 — **Harold A. Baker**, *Judge.*

ARGUED NOVEMBER 29, 2016 — DECIDED JUNE 30, 2017

Before BAUER, FLAUM, and HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge.* In July 2002, Appellant Keefer Jones
was convicted of possession of crack cocaine with intent to
distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). In
2004, the district court sentenced Jones to 262 months' impris-
onment and eight years' supervised release. The district court
imposed several conditions of supervised released, including

drug testing, mental health treatment, and sex offender treatment. Jones appealed, but did not challenge the conditions of supervised release. We affirmed. *See United States v. Jones*, 455 F.3d 800, 803–04 (7th Cir. 2006).

On November 25, 2014, Jones began serving his supervised release, but over the following year, he did not comply with several conditions of that release. In December 2015, Jones' probation officer filed a petition to revoke his term of supervised release. The probation officer alleged that Jones violated four conditions. Specifically, that he: (1) failed to participate in sex offender treatment; (2) failed to comply with mental health treatment; (3) violated the Illinois Sex Offender Registration Act (ISORA); and, (4) possessed a controlled substance.

On March 3, 2016, Jones admitted that he violated all four conditions. With a Grade B violation and a criminal history category of VI, Jones' recommended Guidelines range was 21 to 27 months' imprisonment. *See* U.S.S.G. §§ 7B1.1 and 7B1.4. The government recommended a sentence of 27 months' imprisonment, while defense counsel recommended a sentence that did not involve imprisonment so that Jones could keep his job. Without a discernable explanation, the district court rejected both recommendations. Relying instead on the probation officer's recommendation, the district court sentenced Jones to the statutory maximum of 60 months' imprisonment. This appeal followed.

On appeal, Jones raises two arguments: first, he contends that he received ineffective assistance of counsel; second, he argues that the district court committed several procedural errors in adjudicating his sentence. For the following reasons,

we affirm the district court's revocation of supervised release, and we vacate his sentence and remand for resentencing.

### A. Ineffective Assistance of Counsel Claim

First, Jones argues that his counsel was constitutionally ineffective for advising him to admit to the four violations of his conditions of supervised release. Specifically, Jones contends that counsel should have challenged each violation in various ways. As a preliminary matter, we must address whether there is an underlying right to counsel in the proceeding for which Jones challenges his counsel's performance. *See United States v. Yancey*, 827 F.2d 83, 89 (7th Cir. 1987) ("There can be no challenge to the adequacy of counsel unless there is an underlying right to counsel in a particular proceeding.").

The Sixth Amendment grants a defendant the right to the assistance of counsel at all critical stages of a criminal prosecution. *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004). But, a revocation proceeding is not considered a criminal prosecution under the Sixth Amendment. *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015). Therefore, a defendant "has no Sixth Amendment right to counsel" in the context of a revocation proceeding. *United States v. Eskridge*, 445 F.3d 930, 933 (7th Cir. 2006); *see also Boultinghouse*, 784 F.3d at 1171 ("[T]he Sixth Amendment does not apply in a hearing convened to decide whether a defendant's supervised release should be revoked.") (citing *United States v. Kelley*, 446 F.3d 688, 690 (7th Cir. 2006)); *see United States v. Lee*, 795 F.3d 682, 685 (7th Cir. 2015) (explaining that "the full panoply of rights that the Constitution guarantees to criminal defendants does not extend" to revocation proceedings).

However, the Fifth Amendment's due process clause accords a defendant certain basic procedural protections, including a right to representation by counsel under certain circumstances. *Boultinghouse*, 784 F.3d at 1171; *see also Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). This right presumptively attaches when a defendant has a colorable claim that he has not violated the conditions of release, or if he has "a substantial case to make against revocation, notwithstanding any violation, that may be difficult to develop or present." *Boultinghouse*, 784 F.3d 1171. The issue now is whether Jones has presented any claims to which the Fifth Amendment due process right of counsel would attach.

For two of the violations, Jones challenges his counsel's failure to move for modification to remove the conditions that required sex offender and mental health treatment pursuant to 18 U.S.C. § 3583(e)(2). However, this is neither a claim that he has not violated the conditions of release, nor a case to make against revocation, notwithstanding the violations. Instead, Jones puts forth a claim that is contrary to our precedent. *See United States v. Neal*, 810 F.3d 512, 518 (7th Cir. 2016) (noting that a defendant properly utilizes § 3582(e)(2) to seek modification or clarification of a condition without first having to violate the condition (citing Fed. R. Crim. P. 32.1, Advisory Comm. Notes (1979))). Therefore, the Fifth Amendment due process right to counsel would not attach for these two claims.

Third, Jones argues that his counsel should have challenged the efficacy of his sweat patch that tested positive for cocaine

because the results may have been successfully challenged.[1] In other words, Jones is claiming that it is possible that he may not have committed the violation. Not only is Jones' claim speculative, but also, on top of that, we generally consider sweat patch results to be a reliable method of detecting the presence of drugs. *See United States v. Pierre*, 47 F.3d 241, 243 (7th Cir. 1995); *see also United States v. Meyer*, 483 F.3d 865, 869 (8th Cir. 2007). Jones acknowledges this. For these reasons, Jones' claim cannot be deemed colorable. Accordingly, the Fifth Amendment due process right to counsel would not attach for this claim.

Fourth, Jones claims that his counsel should have argued that ISORA did not require him to register a cellphone he used regularly, but did not own. He claims that his daughter owned the phone. We will assume without deciding that the Fifth Amendment due process right to counsel attaches for this claim.

In absence of other positions being argued, we will also assume without deciding that the *Strickland* standard to the right to effective assistance of counsel applies here. We have previously assumed one can raise a *Strickland* claim based on ineffective assistance in a revocation proceeding. *See Eskridge*, 445 F.3d at 932 (citing *United States v. Goad*, 44 F.3d 580, 586, 589 (7th Cir. 1995)). But as *Eskridge* noted, that was "merely an assumption." *Id.*

---

[1] Jones tested positive for cocaine on October 20, 2015, and he also failed to report for urine testing on the following dates in 2015: March 19, July 8, September 23, September 29, October 2, and December 22.

To establish ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[2] To demonstrate that counsel's performance was deficient, a defendant must show his counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. With a record that is silent on counsel's strategic motives, we give "every indulgence … to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight." *United States v. Recendiz*, 557 F.3d 511, 532 (7th Cir. 2009) (citation omitted). Because we ultimately conclude that Jones cannot establish deficient performance, we need not consider prejudice.

Jones' counsel had good reason to omit the challenge to the ISORA violation. First, Jones initially told his probation officer that the phone "belonged to him." He later changed his story and said that it belonged to his daughter. In addition, it was not unreasonable for Jones' counsel to forgo strained statutory interpretation arguments and instead to argue for leniency. This approach was not objectively unreasonable, especially in light of our deferential review. Therefore, Jones' argument fails.

### B.  Procedural Sentencing Error

Second, Jones contends that the district court committed a procedural error in that it provided an inadequate explanation

---

[2]   We need not decide whether or how the *Strickland* standard might change in the context of a revocation proceeding.

of the sentence. The government agrees that the district court's explanation was inadequate.

We review challenges to the sentence imposed in a revocation proceeding under a "highly deferential" standard. *United States v. Hollins*, 847 F.3d 535, 639 (7th Cir. 2017) (citation omitted). We will uphold the sentence as long as it is not "plainly unreasonable." *Boultinghouse*, 784 F.3d at 1177 (citation omitted). The district court must consider the advisory policy statements in U.S.S.G. Chapter 7, Part B, and consider the "factors set forth in 18 U.S.C. § 3553(a), to the extent they apply to revocations." *Hollins*, 847 F.3d at 539; *see also* 18 U.S.C. § 3583(e). The district court must provide some explanation of its decision to allow a reviewing court to conduct a meaningful review. *Hollins*, 847 F.3d at 539. The further the sentence departs from the Sentencing Guidelines range, the more necessary it is that the district court details its justification. *United States v. Jones*, 774 F.3d 399, 405 (7th Cir. 2014) (citations omitted).

Based on the sentencing transcript, we are unable to provide a meaningful review. The district court did not take into account the Guidelines policy statements, nor did it mention the applicable 18 U.S.C. § 3553(a) sentencing factors in a discernable manner. Moreover, the district court also did not provide any explanation, let alone a detailed justification, for the substantial upward departure from the Sentencing Guidelines range. Jones' Guidelines range was 21 to 27 months' imprisonment, but the district court sentenced him to the statutory maximum of 60 months' imprisonment. The district court did mention that it found the reasons advanced by the Probation Service were compelling and persuasive. However,

we do not know which reasons the district court found compelling and persuasive. Lastly, the district court did not explain why it rejected both the government's and Jones' sentencing recommendations.

Because we cannot determine the district court's rationale, we cannot provide a meaningful review of its decision. Therefore, we remand for resentencing.

## Conclusion

We affirm the district court's revocation of supervised release, and we vacate the sentence and remand for a full resentencing. Circuit Rule 36 shall apply on remand.