**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017
Decided December 6, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1736

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-20015-001 |
| GEORGE MATTINGLY, *Defendant-Appellant*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

George Mattingly pleaded guilty to failing to register as a sex offender after previously being convicted of aggravated sexual abuse of a girl who was between thirteen and sixteen years old. *See* 18 U.S.C. § 2250(a). The district court sentenced him to 41 months' imprisonment and 17 years' supervised release. Approximately two years into his term of supervised release, however, his probation officer petitioned the court to revoke his release. At the revocation hearing, Mattingly admitted to violating two supervised-release conditions. First, he had contact with minors without the probation officer's prior approval; with his daughter's permission, he went to her home to see his grandchildren and, without her permission, he recorded videos of his grandchildren. Second, he viewed pornographic websites with father-daughter themed content. The district judge imposed a 2-year prison term—the statutory maximum—and 13-year

term of supervised release, *see* 18 U.S.C. § 3583(e)(3), (k). Mattingly filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

First we note, though counsel did not, that there is no Sixth Amendment right to counsel in proceedings to revoke supervised release, which are not criminal prosecutions. *United States v. Jones*, 861 F.3d 687, 690 (7th Cir. 2017); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *see Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). In limited circumstances that are not present here, the Due Process Clause of the Fifth Amendment requires the assistance of counsel. *See Boultinghouse*, 784 F.3d at 1171. Mattingly concedes that he violated the conditions of supervised release, and he does not offer any defense or present substantial and complex grounds in mitigation. *See Gagnon*, 411 U.S. at 790; *United States v. Eskridge*, 445 F.3d 930, 931–32 (7th Cir. 2006). Thus we do not need to observe the *Anders* safeguards when reviewing his attorney's motion to withdraw. *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

Still, our practice is to apply the *Anders* framework even in the revocation context. *See Wheeler*, 814 F.3d at 857. Mattingly has not responded to counsel's motion to withdraw. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve; his analysis appears adequate so we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that Mattingly does not want to challenge the revocation of his supervision, and thus counsel appropriately avoids discussing whether Mattingly's admissions to the charged violations were knowing and voluntary. *See Wheeler*, 814 F.3d at 857; *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel considers whether Mattingly could challenge the calculated policy-statement range, but correctly concludes this challenge would be frivolous. Because Mattingly did not object to the range considered at sentencing, we would review only for plain error. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). The probation officer who prepared the violation memorandum determined that Mattingly committed a grade C violation and had a criminal history category of VI; from this, the officer concluded that the appropriate range under the policy statement was 8 to 14 months. *See* U.S.S.G. §§ 7B.1.(a)(3), 7B1.4(a). The government did not object, but noted that Mattingly may have committed a more serious grade B violation because recording

videos of his grandchildren without their mother's consent could be a felony under state law. *See* 720 ILCS 5/11-24(b)(3); U.S.S.G. § 7B.1.(a)(2). The range of imprisonment would then be 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). If the judge erred, it was by considering too low of a range, and so Mattingly could not establish any prejudice.

Counsel next considers, but rightly rejects, challenging the reasonableness of the reimprisonment term. He notes that Mattingly received the statutory maximum term and assesses whether the judge adequately considered Mattingly's principal argument in mitigation: that Mattingly's poor health warrants a shorter sentence. The judge considered Mattingly's health, but concluded that his various medical needs "can be addressed at the Bureau of Prisons . . . without the distraction of cell phone viewing or videotaping of minor children." The judge also said he would recommend that Mattingly serve his time in a medical facility. Further, as required by 18 U.S.C. § 3583(e), the judge considered the sentencing factors in § 3553(a). *See Brown*, 823 F.3d at 394. He cited instances of Mattingly's repeated disregard for the law and the concerning nature of his noncompliance: he had unapproved contact with his grandchildren and video recorded them, and he viewed pornography portraying sexual activity between fathers and daughters. He concluded the sentence was needed to deter further misconduct and protect the public. Because the judge considered the statutory factors and Mattingly's mitigating argument, it would be frivolous to argue that the two-year term of imprisonment is unreasonable.

Finally, counsel evaluates whether he could bring a substantive challenge to any conditions of supervised release imposed at revocation. Counsel concludes that challenging any condition would be frivolous because this court has previously approved "virtually all of the conditions imposed." That is not enough of a reason, because conditions of supervised release, as part of the entire sentence, always merit close attention. *See United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015). We would review for plain error a challenge to conditions that the defendant did not object to when they were imposed. *United States v. Bloch*, 825 F.3d 862, 869 (7th Cir. 2016). (Mattingly arguably waived, and did not merely forfeit, the argument because he stated that he had no objections to the conditions, but we give him the benefit of the doubt.)

Counsel does not examine any particular condition, but we note that we have criticized as overly broad a condition prohibiting a defendant from having any contact with minors without the presence of an adult who is aware of the defendant's history and who has been approved by the probation officer. *Thompson*, 777 F.3d at 376. But the analogous condition imposed on Mattingly excepts contact with minors "in the course

of normal commercial business" and contact that is "unintentional and incidental." Thus, the condition is narrower than what we criticized in *Thompson*. *See United States v. Warren*, 843 F.3d 275, 283 (7th Cir. 2016) (distinguishing between the "no-contact condition" in *Thompson* and a condition that "exempt[s] incidental contact with, for example, waitresses or cashiers who could be minors"). (In any case, we have no reason to believe that Mattingly wants to challenge the condition; neither counsel nor Mattingly raises the issue. *See Wheeler*, 814 F.3d at 858.) Further, the court adopted the probation officer's reasons for imposing the condition: Mattingly's prior sexual offense, his continued disregard his supervised release conditions, and his history of videotaping minors. A reasonableness challenge would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.