**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2018
Decided May 16, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-3152

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 02-20029-001 |
| KEEFER JONES, *Defendant-Appellant.* | James E. Shadid, *Chief Judge.* |

**O R D E R**

Fifteen months into the term of supervised release imposed as part of his sentence for possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), Keefer Jones admitted to violating four conditions of his release: those requiring him to participate in sex-offender and mental-health treatment, comply with the Illinois Sex Offender Registration Act, and refrain from possessing any controlled substances. We concluded that the district court did not err in revoking his supervised release but provided an inadequate explanation for imposing a five-year prison term, so we vacated his sentence and remanded. *United States v. Jones*, 861 F.3d 687, 689, 691–92 (7th Cir. 2017). On remand the district court again imposed a five-year prison term, and

Jones again filed a notice of appeal. His appointed counsel, however, asserts that this appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

At the outset we note that a defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of revocation or asserts substantial and complex grounds in mitigation. *See United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). In his response to counsel's motion, *see* CIR. R. 51(b), Jones does not raise any arguments falling into the latter category, and even though he challenges the propriety of revocation, we already decided this issue, *Jones*, 861 F.3d at 689, and cannot not consider it again here. *See United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002) ("[A]ny issue conclusively decided by this court on the first appeal is not remanded."). Thus the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Nevertheless it is our practice to apply that framework to an appointed attorney's motion to withdraw from representing a criminal defendant. Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve, so we focus our review on the subjects that counsel discusses and those that Jones raises in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Jones could challenge his five-year term of imprisonment, but correctly concludes that any such argument would be futile. Counsel rightly affirms that the district court accurately determined the policy-statement range for Jones's prison term. Because his possession of cocaine while on supervised release was a grade B violation and he had a criminal history category of VI, the court correctly concluded his policy-statement range to be 21 to 27 months. *See* 21 U.S.C. § 844(a); U.S.S.G. §§ 7B1.1(a)(2) & app. n.1, 7B1.4(a). Further, counsel rightly observes that the judge complied with all required procedures, including discussing the relevant factors under 18 U.S.C. § 3553(a) and addressing Jones's mitigation arguments.

Counsel next concludes, correctly, that it would be pointless to challenge the reasonableness of the five-year prison term, even though that sentence substantially exceeds the high end of the policy-statement range. The district judge adequately explained the variance. After detailing Jones's open defiance of his probation officer's directives while on supervised release, the judge concluded that any more supervised release "is simply a waste of time" for him and "would make a mockery of the [18

U.S.C. §] 3553 factors." So the judge, determining that Jones was incapable of complying with the terms of his supervised release, imposed only prison time and concluded that the maximum allowable prison term was necessary. As required by 18 U.S.C. § 3583(e), the judge considered the relevant sentencing factors in § 3553(a), including Jones's history and characteristics and the need to provide adequate deterrence and protect the public. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016).

Counsel next evaluates whether Jones could argue that the district court violated Federal Rule of Criminal Procedure 32.1(b)(2), but rightly concludes that the court followed an appropriate procedure on remand. Because we affirmed the revocation of Jones's supervised release and Jones provided no new information to the district court, Jones had no right to another notice of his supervised-release violations or another revocation hearing. *See* FED. R. CRIM. P. 32.1(b)(2); *Husband*, 312 F.3d at 251. He would have no sound argument that he did not receive the process due to him—he was represented by counsel at the resentencing hearing and had opportunities to present new arguments about the appropriate term of reimprisonment and to address the court. *See* FED. R. CRIM. P. 32.1(b)(2); *see also United States v. Mobley*, 833 F.3d 797, 801–02 (7th Cir. 2016). Jones says the district court erred by not conducting a "full" resentencing, which we interpret as an argument that he should have been allowed to respond anew to the violations (and presumably, not admit them). But we remanded his case solely for resentencing, so it would be frivolous to argue that the district court should have re-opened the revocation issue.

Counsel finally considers whether Jones could raise an argument that his district-court lawyer provided ineffective assistance on remand but correctly concludes that, even assuming that Jones had a right to counsel, such an assertion would be pointless. We generally relegate ineffective-assistance claims to collateral attacks, and we think it best to do so here.

Jones outlines several other potential arguments he could make on appeal. He contends that the district court committed multiple errors in deciding to revoke his supervised release, but he could not challenge that decision on appeal because we already decided that revocation was proper. *See Jones*, 861 F.3d at 689; *Husband*, 312 F.3d at 251. Jones also asserts that he could argue that his attorney in his prior appeal improperly abandoned him by not representing him on remand. But this argument would be frivolous because even if Jones had a right to counsel at his resentencing, he

does not have a right to counsel of his choice. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989).

Jones finally contends that he was not given a chance to "review … and make objections" to the presentence investigation report from 2002 that he says the district judge relied on when imposing the five-year prison term. But the judge used the PSR only to review Jones's criminal history—information that was not, as Jones says, outdated. And the time to object to the accuracy of the PSR had long since passed by the time of the resentencing hearing.

Accordingly, we GRANT counsel's motion and DISMISS the appeal.