NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3346

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 11-20050-01 |
| DERRICK BARBER,<br>*Defendant-Appellant.* | Colin S. Bruce,<br>*Judge.* |

**O R D E R**

Derrick Barber pleaded guilty to conspiring to distribute and possessing with intent to distribute five grams or more of crack cocaine, a Class B felony. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) (2002), 846; 18 U.S.C. § 3559(a)(2). In June 2010, while he was serving his five-year term of supervised release for that crime, police arrested him for possessing a controlled substance. He was released on bond, and over the next few months, local police officers and federal agents conducted four controlled buys of crack cocaine from him. Barber pleaded guilty in state court to one count of delivery of a controlled substance, 720 ILCS 570/401(d)(i), and was sentenced to twelve years in Illinois prison. In addition, his federal probation officer petitioned the district court to revoke his supervised release. At the revocation hearing, Barber admitted that he

violated the state law. The judge revoked Barber's supervision and imposed a three-year term of imprisonment and no supervised release, *see* 18 U.S.C. §§ 3583(e)(3), (g)(1). Barber filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

There is no Sixth Amendment right to counsel during revocation proceedings. *See United States v. Jones*, 861 F.3d 687, 690 (7th Cir. 2017). And because Barber pleaded guilty to delivering a controlled substance and does not offer a complex mitigating argument, the Fifth Amendment also does not entitle Barber to counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Thus we do not need to observe the *Anders* safeguards when reviewing his attorney's motion to withdraw. *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987). Still, we apply the *Anders* framework here as a matter of practice. *Brown*, 823 F.3d at 394. Barber has not responded to counsel's motion to withdraw. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that likely would be raised in this type of appeal. Her analysis appears adequate, so we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers challenging the decision to revoke Barber's supervised release. She tells us that the judge understated the state charge to which Barber pled guilty and that the judge did not discuss Barber's possible sentence before Barber admitted his violation, and so arguably the admission was not knowing and voluntary. *United States v. LeBlanc*, 175 F.3d 511, 517 (7th Cir. 1999). But it would be frivolous to argue that the error, if any, was not harmless. A judge must revoke supervised release when the supervisee possessed a controlled substance. 18 U.S.C. § 3553(g)(1); *United States v. Jones*, 774 F.3d 399, 403–04 (7th Cir. 2014). Barber pleaded guilty to selling crack cocaine, an offense that encompasses possession. *People v. Sharpe*, 839 N.E.2d 492, 501–02 (Ill. 2005); *People v. Coleman*, 909 N.E.2d 952, 965 (Ill. App. Ct. 2009). His state-court conviction required the revocation of his supervised release whether or not he admitted in federal court that he possessed drugs. *United States v. Huusko*, 275 F.3d 600, 602 (7th Cir. 2001).

Counsel next considers, but appropriately rejects, a challenge to the calculated policy-statement range of imprisonment for Barber's violation. Barber committed a Grade A violation of his supervised-release conditions when he committed a controlled-substance offense punishable by more than one year of imprisonment. *See* U.S.S.G. § 7B1.1(a)(1)(ii). Based on a Grade A violation and a criminal history

category of V, limited by the statutory maximum for his original Class B offense, the judge correctly concluded that the applicable policy-statement range was 30 to 36 months' imprisonment. 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a). The judge then stated that he could impose "up to five years of supervised release, minus any term of imprisonment that was imposed upon revocation." In fact the judge could have imposed a term of supervised release up to the statutory maximum for the underlying offense—life—minus any term of imprisonment imposed on revocation. 18 U.S.C. § 3583(h); *Jones*, 774 F.3d at 402; *see also United States v. Shorty*, 159 F.3d 312, 315–16 n.6 (7th Cir. 1998) (observing § 841(b)(1) subsections set a "floor requirement" for term of supervised release, "leaving the ceiling open, closed only by a defendant's death"). No matter; if the judge erred, it was by considering too low a maximum term before imposing no additional supervised release.

Counsel then evaluates whether she could challenge the procedural reasonableness of the sentence. She first assesses whether the judge adequately addressed Barber's principal mitigating arguments. Barber asked the judge to order supervised release instead of imprisonment because he was not able to take advantage of rehabilitation programs while in state custody due to a federal detainer, but the judge noted that Barber distributed drugs while on bond and concluded that there was "no reason in the record … to say that [Barber was] going to succeed if … on supervised release." Barber also said that he already had been in Illinois prison for five years and asked for lenience and a concurrent sentence. But the Sentencing Guidelines recommend that a sentence imposed at revocation run consecutively to other sentences, and the judge said that Barber's conduct provided no reason to depart from the recommendation. *See* U.S.S.G. § 7B1.3(f); *United States v. Peterson*, 852 F.3d 629, 631 (7th Cir. 2017). Counsel also notes that the judge discussed the sentencing factors in 18 U.S.C. § 3553(a) when providing his reasons for the sentence he ultimately imposed. *See* 18 U.S.C. § 3583(e). Therefore, we agree with counsel that a procedural reasonableness challenge would be frivolous.

Finally, counsel dismisses a challenge to the substantive reasonableness of the sentence. Sentences within the policy-statement range are presumed reasonable on appeal. *Jones*, 774 F.3d at 404. The judge imposed a three-year sentence (within the policy-statement range) to run consecutively with his state sentence (as the Guidelines recommend), and thus the sentence is presumed reasonable. He also explained the sentence with reference to the § 3553(a) factors. He said that Barber "catastrophically defied [his] supervised release," suggested that Barber "just didn't care," and hypothesized that Barber would fail if he were on supervised release again. The judge's

reasoning touched on the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need to promote respect for the law and to deter Barber from future criminal conduct. *See United States v. Jenkins*, 850 F.3d 912, 922–23 (7th Cir. 2017) (stating judges must discuss but need not "tick off" § 3553(a) factors). Counsel therefore sees no way to rebut the presumption of substantive reasonableness, and we agree that an appeal on that ground would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.