NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019
Decided March 13, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1608

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:16CR020-001 |
| NATHANIEL FORD, *Defendant-Appellant*. | Jon E. DeGuilio, *Judge*. |

## O R D E R

Nathaniel Ford was convicted by a jury of drug-distribution and firearms-dealing charges, in violation of 21 U.S.C. § 846, § 841(a), (b)(1)(A), (b)(1)(B), and 18 U.S.C. § 922(a)(1)(A), (g)(1), § 924(a)(2), and was eventually sentenced to 168 months' imprisonment and 60 months' supervised release. He later admitted to violating the conditions of his supervision (he had resumed dealing cocaine, for which he pleaded guilty to a new state charge) and blamed his probation officer for the violations. The district court revoked his supervised release and resentenced him to 18 months' imprisonment, to run consecutively to his state prison term. Ford appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to

withdraw under *Anders v. California*, 386 U.S. 738 (1967). Ford has not responded to the motion. *See* CIR. R. 51(b).

At the outset we note that "the *Anders* safeguards do not govern our review of counsel's motion to withdraw." *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). The Constitution does not provide a right to counsel in a revocation proceeding where, as here, the defendant concedes the alleged violations and does not dispute the appropriateness of revocation or assert substantial and complex arguments in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Nevertheless, in practice we still apply the *Anders* framework. *Wheeler*, 814 F.3d at 857. Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because her analysis appears to be thorough, we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first notes that Ford does not want to challenge the admissions on which his revocation was based, and thus she properly refrains from discussing whether Ford's admissions were knowing and voluntary. *See Wheeler*, 814 F.3d at 857; *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next questions whether Ford could argue that his term of reimprisonment is plainly unreasonable but correctly concludes that this challenge would be frivolous. The parties stipulated that Ford's conviction for dealing cocaine constituted a Grade A violation and that his criminal history category was II, corresponding to a reimprisonment range of 27 to 33 months. *See* U.S.S.G. § 7B1.1(a)(1); § 7B1.4. (They also agreed that the sentence should be 27 months.) Because the district court accepted these calculations without objection, our review is only for plain error. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). We see no fault in these calculations and agree with counsel that any challenge would be frivolous.

Counsel also considers but rightly rejects an argument that the district court failed to consider the pertinent factors in 18 U.S.C. § 3553(a) and Ford's arguments in mitigation. A sentence, like Ford's, that falls below the policy-statement range is presumptively reasonable on appeal. *See United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). Moreover, the court explained the sentence based on the Chapter 7 policy statements and relevant § 3553(a) factors, *see* 18 U.S.C. § 3565(a), highlighting the seriousness of the violations (Ford had relapsed into using and selling drugs), the need to promote respect for the law (he had

"reentered the drug business" after serving significant time for dealing drugs), the need to protect the public (in light of his continued drug dealing and gun possession), and Ford's history and characteristics (his "unquestionably … difficult" childhood circumstances, his lengthy sentence on state gun and drug charges, his violent tendencies and severe substance abuse, and his high risk of recidivating).

Finally, counsel notes that challenging the imposition of Ford's federal revocation sentence to run consecutively to his state prison term would be pointless. The Sentencing Commission has instructed that consecutive terms be imposed when revocation of supervised release results from a new prison sentence. *See* U.S.S.G. § 7B1.3(f) & Application Note 4; *see also United States v. Peterson*, 852 F.3d 629, 631 (7th Cir. 2017). Moreover, the court acknowledged that § 7B1.3(f) was advisory, but emphasized that "only a consecutive sentence would adequately account for the various [§] 3553(a) factors and avoid unwarranted sentence disparities."

Accordingly, we GRANT counsel's motion to withdraw, and DISMISS Ford's appeal.