NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 3, 2019
Decided April 5, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2310

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff- Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-10120-001 |
| CHARLES F. RUTHERFORD, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Charles Rutherford pleaded guilty to possession of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to 120 months' imprisonment and 8 years' supervised release. After he was released from prison, Rutherford had a car accident in which he side-swiped another car. After crashing into a tree, he fled the scene, leaving two passengers behind. He then reported a carjacking and denied being the driver when police arrived and suspected him of drunk driving. Witnesses, however, identified him as the driver. Rutherford later stipulated to violating the conditions of his supervision after he was convicted in state court for driving with a revoked license, failing to render aid at the scene of an accident, and attempting to file a

false police report. The district court revoked his supervised release and resentenced him to 13 months' imprisonment, to run consecutively to his state prison term. Rutherford appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Rutherford has not responded to the motion. *See* CIR. R. 51(b).

The Constitution does not provide a right to counsel in a revocation proceeding when, as in this case, the defendant concedes the alleged violations and does not dispute the appropriateness of revocation or assert substantial and complex arguments in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Therefore, the Constitution does not require us to apply the *Anders* safeguards in reviewing counsel's motion to withdraw, but we do so nonetheless. *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses many of the issues that an appeal of this kind might involve. Because her analysis appears thorough, we limit our review to the subjects she discusses, *see United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014), with one exception.

Counsel does not address whether Rutherford wants to challenge whether he knowingly and voluntarily made the admissions on which his revocation was based. *See Wheeler*, 814 F.3d at 857; *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel should have consulted with Rutherford about this and told us his decision. *See Wheeler*, 814 F.3d at 857; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *Knox*, 287 F.3d at 670–71. But nothing in the transcript of the revocation hearing causes us to doubt that the admissions were knowing and voluntary. Rutherford was convicted in state court of the three crimes that were the basis for his admissions, and he confirmed under oath that he stipulated voluntarily, so we see no nonfrivolous argument to raise. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel first considers whether Rutherford could raise a challenge under Federal Rule of Criminal Procedure 32.1, but correctly concludes that it would be frivolous. Rutherford received all the process that is due at revocation proceedings. The government provided him with adequate notice, he appeared at the hearing and was at all times represented by counsel, and the court afforded him an opportunity to make a statement and present information in mitigation. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). That is all Rule 32.1 requires.

Counsel also evaluates whether the district court's decision to revoke Rutherford's supervised release was error. Because Rutherford did not object to the revocation, our review of this issue would be for plain error. *See United States v. Lee*, 795 F.3d 682, 685 (7th Cir. 2015) (citing FED. R. CRIM. P. 52(b)). And it would be difficult to find error here. A court may revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant has violated a condition of supervision. *Id.* (citing 18 U.S.C. § 3583(e)(3)). Rutherford stipulated that he had committed three crimes for which he was convicted in state court—conduct that violated the conditions that he not commit any state or local crimes—so there is no room to argue that revocation was improper.

Counsel next concludes that it would be frivolous, and even harmful for her client, to argue that his term of reimprisonment is plainly unreasonable. We agree. The district court correctly determined that Rutherford's violations were Grade C, and that it could sentence him up to 5 years in prison, to be served consecutive to his state-court sentence, because his original offense was a Class A felony. *See* 18 U.S.C. § 3583(e); U.S.S.G. § 7B1.3(a)(2), (f). The court then determined that the policy statement range was 7 to 13 months' imprisonment, and Rutherford did not object to this finding. The correct range, however, was 8 to 14 months, because Rutherford had a criminal history category VI. *See* U.S.S.G. § 7B1.4. Given that the court said that it thought Rutherford "deserve[d] more," and imposed a sentence at "the high end of the policy statement range," the court's error here only benefited Rutherford, and counsel "may limit appellate arguments to those that in [her] best judgment would do more good than harm." *Knox*, 287 F.3d at 671. And even with this error, the court's sentence was within the policy-statement range, and thus we presume that it is reasonable. *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014).

Counsel also examines whether the district court inadequately considered the pertinent factors in 18 U.S.C. § 3553(a), and Rutherford's arguments in mitigation but rightly rejects this argument. The court explained the sentence based on the Chapter 7 policy statements and relevant § 3553(a) factors. *See* 18 U.S.C. § 3565(a). In particular, the court highlighted the seriousness of the violations (Rutherford was driving recklessly, injured his passengers, fled the scene instead of offering aid, and filed a false police report about his accident) and the need to promote respect for the law (Rutherford continued to drive "on a revoked license"). And the court addressed and rejected Rutherford's main mitigation argument—that the accident was not his fault. *See United States v. Curby*, 595 F.3d 794, 798 (7th Cir. 2010). The court repeated many times that it did not believe Rutherford because "the evidence [didn't] back up his story."

Counsel further notes that challenging the imposition of Rutherford's federal revocation sentence to run consecutively with his state prison term would be pointless. The Sentencing Commission advises that consecutive terms be imposed when revocation of supervised release results from a new prison sentence. *See* U.S.S.G. § 7B1.3(f) & Application N. 4; *see also United States v. Peterson*, 852 F.3d 629, 631 (7th Cir. 2017) (citing *United States v. Taylor*, 628 F.3d 420, 423–24 (7th Cir. 2010) (despite Guideline policy statement's use of "shall," we treat policy statement as advisory)).

Finally, counsel explains, and we agree, that it would be frivolous to challenge Rutherford's new supervised release conditions. Rutherford did not object to any of the conditions at sentencing and said affirmatively that he understood them, so our review would be for plain error. *See* 18 U.S.C. § 3583(e); *United States v. Lewis*, 823 F.3d 1075, 1082–84 (7th Cir. 2016); *United States v. Douglas*, 806 F.3d 979, 983 (7th Cir. 2015); *United States v. Armour*, 804 F.3d 859, 867 (7th Cir. 2015). We see no plain error. As counsel recognizes, the special conditions that the court imposed on Rutherford were reasonably related to the circumstances of his case, including the condition to refrain from using alcohol. The court explained that it imposed this condition because the crimes that led to the revocation appeared connected to Rutherford's drinking. *See United States v. Schave*, 186 F.3d 839, 842–43 (7th Cir. 1999) (affirming supervised release condition prohibiting alcohol when supported by the record).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Rutherford's appeal.