NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2019
Decided December 20, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2044

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 98-CR-40002-JPG-3 |
| AARON WYATT, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Aaron Wyatt served a 264-month prison sentence for his role in a drug-distribution conspiracy. Within a month of his release in August 2018, he admitted to violating multiple conditions of his five-year term of supervised release, and after further violations, the probation office petitioned to revoke his supervised release. Based on Wyatt's admission to several violations, including possessing narcotics, the district court sentenced him to twelve months' imprisonment, below the range recommended by the applicable policy statement in the sentencing guidelines.

Wyatt appeals the revocation, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. Because a constitutional right to counsel in a revocation proceeding exists only under the Due Process Clause and on a "case-by-case basis," *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973), the safeguards of *Anders*

*v. California*, 386 U.S. 738 (1967) need not govern our review. Nonetheless, it is our practice to follow them. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Wyatt did not respond to counsel's motion to withdraw. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that this type of appeal would be expected to involve, and the analysis appears thorough. We therefore limit our review to the subjects she covers, *see United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016) (per curiam), with one exception.

Counsel does not address whether Wyatt wants to challenge whether he knowingly and voluntarily made the admissions on which his revocation was based. *See Wheeler*, 814 F.3d at 857; *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel should have consulted with Wyatt about this issue and told us his decision. *See Wheeler*, 814 F.3d at 857; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *Knox*, 287 F.3d at 670–71. Wyatt, however, not only admitted that he violated the conditions of his release, he tested positive for drug use and confirmed under oath that his admissions were voluntary. Given that the district court sentenced him significantly below the resentencing range, and that reopening the revocation proceeding could result in a higher sentence, we see no nonfrivolous argument to raise with respect to his admissions. *See Konczak*, 683 F.3d at 349; *Knox*, 287 F.3d at 671.

Counsel first considers whether Wyatt could argue that the district court improperly revoked his supervised release and correctly concludes that he could not. Revocation was mandatory under 18 U.S.C. § 3583(g)(1) because Wyatt admitted to possessing, on separate occasions, methamphetamine, heroin, and cocaine, violating the condition that he "shall not illegally possess controlled substances." *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014); *see also* U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke … supervised release.").

Counsel also considers, and rightly rejects, the argument that the district court did not comply with Federal Rule of Criminal Procedure 32.1(b)(2). As Wyatt confirmed at the revocation hearing, the government provided notice of the allegations against him, and he was represented by counsel and satisfied with her advice. The court also afforded him an opportunity to make a statement and present information in mitigation. *See Jones*, 774 F.3d at 403.

Counsel also evaluates whether Wyatt could challenge his sentence but properly resolves that doing so would be frivolous. Wyatt did not object to the district court's application of the policy statements in Chapter 7 of the Sentencing Guidelines; indeed, he affirmatively negotiated the sentence that the district court ultimately imposed. At best, therefore, our review would be for plain error. *See Wheeler*, 814 F.3d at 857;

*see generally United States v. Gibson*, 356 F.3d 761, 765–67 (7th Cir. 2004) (Defendants who bargain for a specific sentence cannot appeal that sentence unless the guilty plea was involuntary, the sentence was imposed in violation of the law, or the sentence is greater than the one he bargained for.).

We could not find such an error in this case. In selecting a sentence, the district court correctly determined that Wyatt's most serious violations—heroin, cocaine, and methamphetamine possession—were Grade B, and that this ranking controlled. *See* U.S.S.G. § 7B1.1(a)(2), (b). It then properly calculated Wyatt's sentencing range for each count based on the grade, the criminal history category of VI, and the statutory maximum sentences of the original crimes of conviction. *See* U.S.S.G. § 7B1.4(a), (b)(1); 18 U.S.C. §§ 3559(a)(3), 3583(e)(3); 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Finally, after discussing the seriousness of the violations (that Wyatt had begun using drugs almost immediately upon his release) and stating that Wyatt would likely recidivate unless he changed his "entire lifestyle," the court "reluctantly" accepted the parties' joint sentencing recommendation. *See* 18 U.S.C. § 3553(a). Calling the sentence a "break," the district court imposed twelve months' imprisonment, below the range suggested by the policy statements, and three years of supervised release. This explanation was sufficient. *See United States v. Boultinghouse*, 784 F.3d 1163, 1177 (7th Cir. 2015); *see also United States v. Peterson*, 852 F.3d 629, 631 (7th Cir. 2017) (sentence below the policy-statement range).

Finally, counsel concludes that any claim of ineffective assistance of counsel is best raised in a collateral proceeding so that Wyatt can develop an evidentiary record. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017). Noting the narrowness of any such claim to begin with, *see Gagnon*, 411 U.S. at 790–91; *Brown*, 823 F.3d at 394, we agree that it is best reserved for a collateral hearing, *see also United States v. Jones*, 861 F.3d 687, 690-91 (7th Cir. 2017) (assuming but not deciding that an ineffective-assistance-of-counsel claim can be brought based on a Fifth Amendment due-process right at a revocation hearing).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.