**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 28, 2021
Decided June 8, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3208

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:98-CR-40002-JPG-3 |
| AARON WYATT, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Aaron Wyatt has twice had his supervised release revoked. He first violated the conditions of his release shortly after serving a 264-month sentence for distributing crack cocaine, *United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000), and was sentenced to another 12-month term. See *United States v. Wyatt*, 788 Fed. Appx. 402 (7th Cir. 2019) (unpublished). Five months after serving this term, he again violated his conditions of release. Based on Wyatt's admissions to possession of marijuana and methamphetamine, the district court again revoked his supervised release and sentenced him to an additional 18 months' imprisonment, followed by 24 months' supervised release. Wyatt appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 746 (1967).

We start by noting that Wyatt does not have an unqualified constitutional right to counsel when appealing a revocation order, see *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973), so the *Anders* safeguards need not govern our review. Still, our practice is to follow them. See *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016) (per curiam). Wyatt did not respond to counsel's motion to withdraw. See Cir. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that this type of appeal would be expected to involve. We therefore limit our review to the subjects she covers, see *Wheeler*, 814 F.3d at 857, with one addition.

Counsel does not tell us, as she should, whether Wyatt wants to challenge the admissions he made on which his revocation was based. See *Wheeler*, 814 F.3d at 857; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But nothing in the transcript of the revocation hearing causes us to doubt that the admissions were knowing and voluntary. Indeed, Wyatt tested positive for methamphetamine, admitted at the revocation hearing that he had possessed marijuana and methamphetamine (the most serious violations), and confirmed that these admissions were voluntary.

Counsel first considers whether Wyatt could argue that the court improperly revoked his supervised release and correctly concludes that this argument would be frivolous. A judge must revoke supervised release upon finding that the defendant possessed a controlled substance. 18 U.S.C. § 3583(g)(1); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014); see also U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke … supervised release."). Wyatt admitted to possessing marijuana and methamphetamine, Grade B violations, see § 3583(g)(1), so any argument contesting revocation would be frivolous.

Counsel also evaluates whether Wyatt could challenge the district court's calculation of his imprisonment range, and appropriately concludes he could not. Because Wyatt did not object to the court's application of the policy statements in Chapter 7 of the Sentencing Guidelines, our review would be for plain error. See *Wheeler*, 814 F.3d at 857. The court properly calculated a range of 21 to 27 months based on Grade B violations and a criminal history category of VI. In computing this range, the district court correctly determined that Wyatt's most serious violations—possessing marijuana and methamphetamine—were Grade B. See U.S.S.G. § 7B1.1(a)(2), (b). The court then properly calculated Wyatt's sentencing range for each count based on a Grade B offense, his criminal history category of VI (from his original sentencing), and the statutory maximum sentences for the original crimes of conviction.

See 18 U.S.C. §§ 3559(a)(3), 3583(e)(3); 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); U.S.S.G. § 7B1.4(a), (b)(1).

Counsel also explores but rightly rejects a challenge to the substantive reasonableness of Wyatt's 18-month term. We presume a below-guidelines sentence like Wyatt's to be reasonable. *United States v. Peterson*, 852 F.3d 629, 631 (7th Cir. 2017). The district court adequately addressed the 18 U.S.C. § 3553(a) factors, alluding to the nature of Wyatt's offense, § 3553(a)(1), the need to deter him from future violations, § 3553(a)(2)(B), and the need to ensure that he received correctional treatment, § 3553(a)(2)(D). In particular, the court emphasized Wyatt's repeated violations during his two terms of supervised release, see § 3553(a)(1), (a)(2)(A), and his need to participate in a structured substance abuse treatment program, something he had not done consistently on supervised release, see § 3553(a)(2)(D). The court considered Wyatt's arguments in mitigation: that he had used drugs only to deal with the death of his grandson and that he was now working to improve his mental health and end his addiction. But the court reasonably believed that Wyatt was making these changes in his life only because he got caught and that his drug use reflected his choice to "hang[] around with people who are doing drugs, … with a drug culture." Even so, the court sentenced Wyatt to a below-guideline sentence of 18 months' imprisonment.

Finally, counsel considers whether Wyatt could argue that his defense attorney was ineffective at the revocation hearing. As we previously noted, Wyatt did not have an unqualified right to counsel at his revocation hearing. Even if he could bring such a claim, claims of ineffective assistance are best raised on collateral review, where an evidentiary foundation can be developed. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

We GRANT counsel's motion to withdraw and DISMISS the appeal.