In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2785

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JONUS L. WHEELER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:06-CR-30073-SMY — **Staci M. Yandle**, *Judge.*

SUBMITTED JANUARY 7, 2016 — DECIDED FEBRUARY 26, 2016

Before RIPPLE, WILLIAMS, and HAMILTON, *Circuit Judges.*

PER CURIAM. Appellant Jonus Wheeler pled guilty in 2006 to possessing a firearm as a felon, see 18 U.S.C. § 922(g)(1), and was sentenced to 108 months in prison followed by 36 months of supervised release. Ten months after he was released from prison and began serving the term of supervision, the government sought revocation, see 18 U.S.C. § 3583(e) and (g), alleging that Wheeler had tested positive for (and thus possessed) marijuana four times, missed nine

drug-treatment sessions, and twice failed to submit a monthly supervision report. After Wheeler admitted the allegations, the district court revoked his supervised release and imposed 21 months of reimprisonment to be followed by another 12 months of supervised release. Wheeler filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

There is no constitutional right to counsel in a revocation proceeding where, as here, the defendant admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. See *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171–72 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Thus the *Anders* safeguards do not govern our review of counsel's motion to withdraw. See *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *Eskridge*, 445 F.3d at 933. We may affirm "if we determine that the appeal, though not frivolous, is also not meritorious." *Eskridge*, 445 F.3d at 933.

We invited Wheeler to comment on counsel's motion, but he has not responded. See Cir. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. The analysis in the brief appears to be thorough, so we focus our review on the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first notes that Wheeler does not want to challenge the revocation of his supervision, and thus the lawyer properly refrains from discussing whether Wheeler's admissions to the charged violations were knowing and voluntary. See *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel next discusses whether Wheeler could raise an appellate claim about the calculation of his reimprisonment range. Wheeler did not object to the district court's application of the Sentencing Guideline Chapter 7 policy statements, so our review would be limited to plain error. See *United States v. Pitre*, 504 F.3d 657, 661, 664 (7th Cir. 2007); *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir. 2000).

At Wheeler's revocation hearing the district court said that his reimprisonment range would be 21 to 27 months. (Wheeler's criminal history category is VI, and the court found that his possession of marijuana constituted a Grade B violation because he already had a conviction for a drug offense, see 21 U.S.C. § 844(a); *United States v. Trotter*, 270 F.3d 1150, 1154 (7th Cir. 2001).) But the district court did not say specifically that the reimprisonment range was subject to a statutory maximum of 24 months given that the underlying § 922(g)(1) offense was a class C felony. See 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(e)(3); U.S.S.G. §§ 7B1.1, 7B1.4(a), (b)(3)(A). Counsel thus questions whether Wheeler could argue that the district court was misinformed about the true range when deciding on the appropriate term of reimprisonment.

But as appellate counsel points out, the prosecutor noted that 24 months was the statutory maximum in recommending a term of that length. The probation officer also had

alerted the district court in writing that 24 months was the maximum. The court said nothing suggesting a misunderstanding about the statutory maximum, and the court even referred to 18 U.S.C. § 3583, which defined that maximum, when announcing the 21-month term. Thus, on this record Wheeler could not make a meritorious claim that the district court was misinformed about its options. See *Pitre*, 504 F.3d at 663–64 (district court did not err when it did not explicitly state reimprisonment range during revocation hearing).

Counsel also considers but rightly rejects an argument that the new term of supervised release is unlawful or plainly unreasonable. The 12-month term is less than the statutory maximum of 15 months (based on the 36 months of supervised release authorized for Wheeler's underlying conviction, less the 21 months of reimprisonment ordered on revocation). See 18 U.S.C. § 3583(b)(2) & (h). The term imposed also is within the policy-statement range of up to 15 months. See U.S.S.G. § 7B1.3(g)(2). The district court explained that a new term of supervised release was justified based on factors in § 3553(a), including Wheeler's violations during the initial period of supervised release, his significant substance-abuse issues, and the need for supervision to assist with his reintegration into society. The court also fully explained the need for a special condition authorizing treatment for drug and alcohol abuse, given Wheeler's lengthy history of using alcohol, cocaine, and marijuana. We would not find the new term of supervised release to be plainly unreasonable. See *United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Counsel does not mention two standard conditions of supervised release that we have criticized as vague. First, we have said that language requiring Wheeler to notify his probation officer of any "change . . . in employment" leaves unclear whether this condition applies only to "changing employers or also includes changing from one position to another for the same employer at the same workplace." *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015). Second, the condition prohibiting Wheeler from leaving the judicial district without permission "improperly imposes strict liability" because it lacks a scienter requirement. *United States v. Kappes*, 782 F.3d 828, 849–50 (7th Cir. 2015). That being said, we have no reason to believe that Wheeler wishes to challenge these conditions, as counsel has not identified them as potential issues and Wheeler has not responded to the *Anders* brief. See *United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). If Wheeler later perceives these conditions to be problematic after he begins serving the term of supervised release, he will be free to seek modification under 18 U.S.C. § 3583(e)(2). *United States v. Neal*, 810 F.3d 512, 518 (7th Cir. 2016).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.