NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2016
Decided May 9, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2817

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 93 cr 746 |
| PHILLIP CROCKETT, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Phillip Crockett pleaded guilty in 1994 to conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 136 months' imprisonment and 60 months' supervised release. Crockett had completed his prison term and was on supervised release when, in 2009, his supervision was revoked because of his conviction for a state crime. He was sentenced to 1 day's imprisonment and 50 more months' supervised release. In 2014 Crockett again was convicted of a state crime, and the government again sought revocation, *see* 18 U.S.C. § 3583(e), alleging that Crockett had violated the conditions of his release by committing the state crime of identity theft. After Crockett admitted the violation, the district court revoked his supervised release

and imposed 12 months and 1 day of imprisonment and no further supervised release. Crockett filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

We note that there is no constitutional right to counsel in revocation proceedings when, as here, the defendant admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli,* 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Thus the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Nevertheless, we invited Crockett to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. The analysis in the brief appears to be thorough, so we focus our review on the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel has identified two possible appellate claims, the first being whether Crockett could challenge the calculation of his reimprisonment range. Crockett did not object to the district court's application of the Chapter 7 policy statements, and thus our review would be limited to plain error. *See Wheeler*, 814 F.3d at 857; *United States v. Pitre*, 504 F.3d 657, 661, 664 (7th Cir. 2007). And, like counsel, we conclude that on this record any claim of error would be frivolous. The district court correctly calculated a reimprisonment range of 6 to 12 months based on Crockett's original criminal history category of II and the categorization of his state crime as a Grade B offense, *see* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4.

Counsel next discusses, but rightly rejects as frivolous, an argument that the new term of imprisonment is unlawful or plainly unreasonable. The term of 12 months and a day is less than the statutory maximum of 36 months. *See* 18 U.S.C. §§ 3559(a)(2), 3583(b)(1), (e)(3). The term imposed exceeds the policy-statement range by 1 day, but that extra day was given at Crockett's request so that he would qualify for good time credit. And the district court applied the factors listed in 18 U.S.C. § 3553(a), taking into account Crockett's repeated failure to comply with the terms of his supervision, the need to deter him from future misconduct, and the need to protect the public. We would not

find the new term of imprisonment to be plainly unreasonable. *See United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.