**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2016
Decided August 26, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3777

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 12-CR-175 |
| | |
| MATO O. MONTELONGO, | William C. Griesbach, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Mato Montelongo pleaded guilty in 2014 to using counterfeit credit and debit cards, *see* 18 U.S.C. § 1029(a), and was sentenced to 16 months' imprisonment and 3 years' supervised release. Three months after he was released from prison and began serving the term of supervision, the government sought revocation, *see* 18 U.S.C. § 3583(e), (g), alleging that Montelongo had absconded to Colorado after twice testing positive for marijuana. At a hearing on the government's motion, *see* FED. R. CRIM. P. 32.1, Montelongo admitted that he had violated conditions of release prohibiting illegal drug use, mandating drug testing and counseling, and requiring that he follow his probation officer's instructions. The district court revoked his supervised release and imposed a prison term of 12 months and 1 day. Montelongo filed a notice of appeal, but

his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of revocation or asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Montelongo did not do either, so the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *Eskridge*, 445 F.3d at 933. That said, we invited Montelongo to comment on counsel's submission, *see* CIR. R. 51(b), but he did not. We evaluate counsel's submission to assure that any potential issues have been vetted. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's supporting brief explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. The lawyer's analysis appears to be thorough, so we focus our review on the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first assesses whether Montelongo could argue that the district court lacked a sufficient basis to revoke his supervised release. We agree with counsel that an appeal raising this contention would be frivolous because Montelongo admitted the violations alleged by his probation officer and, in open court, specifically acknowledged using marijuana and making "a conscious decision not to check in with" the probation officer.

Counsel next questions whether Montelongo could challenge the calculation of his reimprisonment range. The probation officer had applied the Chapter 7 policy statements in calculating a reimprisonment range of 8 to 14 months based on Montelongo's original criminal history category of VI and the categorization of his violations as Grade C offenses. *See* U.S.S.G. §§ 7B1.1(b), 7B1.4. The district court accepted that calculation without objection from Montelongo, thus limiting our review to plain error. *See Wheeler*, 814 F.3d at 857; *United States v. Pitre*, 504 F.3d 657, 661 (7th Cir. 2007). Counsel cannot find any fault with the calculated range, making any claim of error frivolous.

Counsel finally discusses, but rightly rejects as frivolous, an argument that the new term of imprisonment is unlawful or unreasonable. The term imposed is within the policy-statement range and is less than the statutory maximum of 24 months.

*See* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2), (e)(3). As required by 18 U.S.C. § 3583(e), the district court took into account the factors listed in 18 U.S.C. § 3553(a), including Montelongo's repeated failure to comply with the terms of his supervision, the need to deter him from future misconduct, and the need to protect the public. We would not find the new term of imprisonment to be plainly unreasonable. *See United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.