NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 2, 2017
Decided February 3, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-2897

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 CR 743-1 |
| EUGENE MOORE, *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Eugene Moore pleaded guilty in 2003 to possessing cocaine base with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 135 months' imprisonment plus 5 years' supervised release. His sentence was later reduced to 120 months under 18 U.S.C. § 3582(c) based on a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine-base offenses. Four years into his supervised-release term, the government sought revocation, see 18 U.S.C. § 3583(e), based on a violation of one of his release conditions: committing another state crime when he battered a police officer. After a hearing, the court revoked

Moore's supervised release and sentenced him to the bottom of a policy-statement range of 30 to 37 months' imprisonment (based on Moore's criminal history category of III and his commission of a Grade A violation), to run consecutively to his state sentence of 5 years. Moore filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

We note that there is no constitutional right to counsel in revocation proceedings when, as here, the defendant admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. See *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171–72 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Thus we are not compelled to apply the *Anders* safeguards, see *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016), but we do so as a matter of practice, and consequently invited Moore to file a response under Circuit Rule 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. The analysis in the brief appears to be thorough, so we focus our review on the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Moore could argue that the district court improperly calculated his policy-statement range for reimprisonment (30–37 months) because the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), reclassified his underlying offense of distributing 173 grams of cocaine base from a Class A felony to a Class B felony. See 21 U.S.C. § 841(b)(1)(B)(iii); 18 U.S.C. § 3559(a)(2) (defining classes of felonies). We agree with counsel that this argument would be frivolous because revocation sanctions are part of the penalty for the underlying offense and thus require district courts to apply the law in effect at the time of the original crime. See *Johnson v. United States*, 529 U.S. 694, 700–01 (2000). Moore's 2003 drug crime was a Class A felony when he was sentenced, and the Fair Sentencing Act does not reduce the penalties for those sentenced before the law changed. See *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012); *United States v. Foster*, 706 F.3d 887, 887–88 (7th Cir. 2013).

Counsel next discusses, but rightly rejects as frivolous, an argument that the terms of reimprisonment and supervised release are unlawful or plainly unreasonable. The district court appropriately applied the factors listed in 18 U.S.C. § 3553(a), highlighting Moore's history of repeated drug peddling, the seriousness of the offense,

and the need to afford adequate deterrence and protect the public from his further crimes (as the district court put it, Moore "has been convicted, he came out, he was given a chance, and he's now back before me again, and we're wasting valuable resources and time dealing with his aberrant behavior"). Further, the statute for the underlying conviction authorized a term of up to 5 years' supervision, so the 24-month term of supervised release that the judge imposed upon revocation was within the acceptable range. See 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2). Based on the district court's review of Moore's criminal history and characteristics, we do not consider the new term of supervised release unreasonable.

Counsel does not mention two standard conditions of supervised release that the district court imposed and that we have criticized as being unconstitutionally vague. First, there is ambiguity in the release condition that Moore must notify "third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics," since no definition is given for "personal history" or "characteristics" or the sort of "risks" that must be disclosed to unspecified "third parties." *United States v. Bickart*, 825 F.3d 832, 841 (7th Cir. 2016) (internal quotation omitted). Second, the condition prohibiting Moore from leaving the judicial district improperly imposes strict liability because it fails to include a scienter requirement. See *United States v. Brown*, 823 F.3d 392, 395 (7th Cir. 2016); *Wheeler*, 814 F.3d at 858.

But we have no reason to believe that Moore wishes to challenge these conditions, as counsel has not identified them as potential issues and Moore has not responded to our invitation to comment on counsel's brief. And if Moore believes these conditions to be vague, unclear, or burdensome after he begins serving the term of supervised release, he is free to seek modification under 18 U.S.C. § 3583(e)(2). See *Brown*, 823 F.3d at 395; *United States v. Neal*, 810 F.3d 512, 518–20 (7th Cir. 2016).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.