NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2017
Decided June 15, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-4237

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:14CR00007-002 |
| KYRIE TETZLAFF, *Defendant-Appellant.* | William M. Conley, *Judge.* |

**O R D E R**

Roughly three years ago, Kyrie Tetzlaff pleaded guilty to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and received a sentence of 4 years' imprisonment and 3 years' supervised release. Because she successfully completed the prison's Residential Drug Abuse Program, she began her term of supervised release in June 2016. But just three months later, she violated supervised-release conditions that prohibited her from using or possessing illegal drugs and associating with a felon without permission from her probation officer. When law enforcement pulled her over for speeding, she was driving with a felon and possessed

methamphetamine. Later urine testing showed a series of diluted samples and one positive test for methamphetamine. Tetzlaff's probation officer petitioned for review of her release, and after concluding that she violated these conditions, the court ordered that her supervised release be revoked. The court imposed an additional 18 months' imprisonment and 18 months' supervised release. Tetzlaff filed a notice of appeal, but her appointed counsel asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

At the outset we note that a defendant facing revocation of supervised release does not have a constitutional right to counsel unless she challenges the appropriateness of revocation or asserts substantial and complex grounds in mitigation. *See United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Tetzlaff did neither, so the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve, so we focus our review on the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Tetzlaff could challenge the length of her 18-month reimprisonment. But counsel properly rejects that argument as frivolous because Tetzlaff's prison term did not exceed the maximum permitted by statute. *See United States v. Vallar*, 635 F.3d 271, 289 (7th Cir. 2011). Since Tetzlaff's original conviction for distributing methamphetamine constituted a Class C felony, the maximum prison term that the district court could impose after revoking her supervised release was two years, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), 18 U.S.C. §§ 3559(a)(3), 3583(e)(3), and the court imposed a term that is six months less than this maximum.

Counsel next evaluates whether Tetzlaff could argue that the district court incorrectly categorized her controlled-substance violation of supervised release as a Grade B violation under U.S.S.G. § 7B1.1(a)(2), and thus miscalculated the reimprisonment range under the applicable Chapter 7 policy statements. *See* U.S.S.G. ch. 7, pt. B. But such a challenge would be frivolous because criminal conduct punishable under federal or state law by more than a year in jail constitutes at least a Grade B violation of supervised release, U.S.S.G. § 7B1.1(a)(2), and in Wisconsin,

possessing methamphetamine, even for personal use, is a felony punishable by more than a year in prison. *See* WIS. STAT. §§ 961.41(3g)(g), 939.50(3)(i). Additionally, under federal law, simple possession of methamphetamine is punishable by more than a year in prison for anyone who, like Tetzlaff, has a prior conviction for a drug offense. *See* 21 U.S.C. § 844(a); *Wheeler*, 814 F.3d at 857–58; *United States v. Trotter*, 270 F.3d 1150, 1151–52 (7th Cir. 2001). It follows that any challenge to the policy-statement range of 12 to 18 months in prison likewise would be frivolous, given her criminal history category of IV. *See* U.S.S.G. § 7B1.4(a).

Counsel finally weighs, but rightly declines to dispute, the reasonableness of the term of reimprisonment. In addressing the pertinent sentencing factors in 18 U.S.C. § 3553(a), the court was brief but did allude to a couple of them, *see id.* § 3583(e). The court mentioned that Tetzlaff's prison term was necessary to deter her from using controlled substances in the future, *see id.* § 3553(a)(2)(B), and noted that this sentence would fulfill the purpose of § 3553(a)(2)(D) by allowing her to receive rehabilitative treatment for her drug problem.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.