NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018
Decided December 20, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2378

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:12-CR-30204-DRH-1 |
| CARTEMUS LONDON, *Defendant-Appellant.* | David R. Herndon, *Judge.* |

**O R D E R**

Cartemus London pleaded guilty to stealing public money in violation of 18 U.S.C. § 641 and was sentenced to five years' probation. He later admitted to violating multiple conditions of probation (missing 43 out of 48 required restitution payments), misrepresented significant facts at his revocation hearing, and had his probation revoked. The district court resentenced him to eight months' imprisonment. London appeals, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). London did not respond to counsel's motion. *See* CIR. R. 51(b).

At the outset we note that the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). A defendant facing probation revocation has no constitutional right to counsel if he, like London, concedes the alleged violations without disputing the appropriateness of revocation or asserting a substantial argument against revocation that would be difficult to develop without counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1978); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Nevertheless, our practice has been to apply the *Anders* framework even in the revocation context. *Wheeler*, 814 F.3d at 857. Counsel here has submitted a brief that explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. The analysis in counsel's brief appears thorough, so we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first tells us that London does not wish to withdraw the admissions on which his revocation was based, so counsel appropriately avoids discussing whether London's admissions were knowing and voluntary. *See Wheeler,* 814 F.3d at 857; *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does consider whether London could challenge the calculated policy-statement range and correctly concludes that this challenge would be frivolous. The probation officer who prepared the violation memorandum determined that all of London's violations were grade C and that his criminal history was I, yielding a Guidelines range of three to nine months. *See* U.S.S.G. § 7B1.1(a)(3), 7B1.4. The district court accepted these calculations without objection from London, thus limiting our review to plain error. *See Wheeler*, 814 F.3d at 857. We cannot find fault with these calculations and agree with counsel that any claim of error would be frivolous.

Counsel relatedly considers whether London could argue that the district court's sentence was premised on any factual findings that were clearly erroneous. A sentence based on inaccurate information violates a defendant's due process rights. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. White*, 868 F.3d 598, 603 (7th Cir. 2016). Counsel considers, for instance, whether London could challenge the finding that his restitution payments were erratic, made only under the pressure of impending court appearances. But as counsel explains, this challenge would be frivolous because the

judge tracked the timing of each of London's payments, and noted that they were sporadic and inadequate, and made regularly only after the petition to revoke was filed. Counsel also considers challenging the court's finding that London had misrepresented a conversation with a paralegal with the U.S. Attorney's Office, who, he says, assured him that he could make monthly restitution payments in the sum of $100 rather than the $150 ordered by the court. But we also agree with counsel that this challenge would be frivolous because the district court reasonably chose to credit the paralegal's contrary testimony over London's. *See United States v. Pollock*, 757 F.3d 582, 593 (7th Cir. 2014).

Finally, counsel considers whether London could challenge the substantive reasonableness of his sentence, but he correctly concludes that doing so would be frivolous. A sentence, like London's, that falls within the policy-statement range is presumptively reasonable on appeal. *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). Further, the district court justified the sentence based on the factors in 18 U.S.C. § 3553(a), *see id.* § 3565(a), specifically: the need to promote respect for the law (highlighting London's repeated failure to follow his probation officers' instructions as well as the court's own order to pay restitution); the need to afford deterrence (in light of London's misrepresentations); and the need to provide just punishment (rejecting as inadequate London's promise at resentencing to pay the proper amounts in the future).

We GRANT counsel's motion to withdraw and DISMISS the appeal.