NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2021
Decided January 22, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-1936

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 04-CR-40039-JPG-13 |
| JEFFREY D. FARRIS, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

### O R D E R

Jeffrey Farris appeals the sentence that the district court imposed after revoking his supervised release. His attorney has moved to withdraw, arguing that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We agree with counsel, so we grant the motion and dismiss the appeal.

In 2007, Farris pleaded guilty to conspiring to manufacture and distribute methamphetamine. *See* 21 U.S.C. §§ 841, 846. He was sentenced to 262 months in prison and 10 years' supervised release. His prison sentence was later reduced to 128 months due to his substantial assistance to the government, *see* FED. R. CRIM. P. 35, and retroactive amendments to the Sentencing Guidelines, *see* 18 U.S.C. § 3582(c)(2).

Halfway through Farris's term of supervised release, the probation office petitioned for revocation based on several alleged violations: As Farris would later admit, he had unlawfully possessed and used methamphetamine and marijuana; diluted a urine sample for a drug and alcohol screening; failed to attend meetings with his probation officer and submit reports to her; and incurred several traffic violations, including driving without a registration, license, and seatbelt.

Based on Farris's admissions, the district court revoked Farris's supervised release. Instead of detaining him pending sentencing, however, the court continued the sentencing hearing for three months and released Farris on bond, extending him an opportunity to prove that he could abide by the law and the conditions of his supervision. But Farris did not show up for the hearing, and his whereabouts were unknown (including to his attorney) for over seven months. When he finally appeared, the court sentenced him to 36 months in prison—a term 12 months above the applicable range under the policy statements in Chapter Seven of the Sentencing Guidelines—and no supervised release.

We start by noting that a defendant who appeals a revocation order does not have an unqualified constitutional right to counsel, so the *Anders* safeguards need not govern our review. *Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Even so, our practice is to apply them. *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel explains the nature of the case and addresses the issues that an appeal of this kind might involve, and Farris has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears adequate, we limit our review to the subjects that he discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first assures us that he consulted with Farris about contesting the revocation and the admissions upon which it was based, and Farris does not want to do so. *See Wheeler*, 814 F.3d at 857. Thus, counsel properly omits discussion of potential challenges to the revocation. *See id.*

Next, counsel concludes, and we agree, that Farris could not plausibly challenge the legality of his three-year sentence. Because Farris's underlying offense is a Class A felony, *see* 18 U.S.C. § 3559(a)(1); 21 U.S.C. § 841(b), the court could have sentenced him up to five years in prison for violating his supervised release. 18 U.S.C. § 3583(e)(3).

Counsel also considers whether Farris could raise any non-frivolous challenge to the calculation of his imprisonment range but correctly concludes that he could not.

Farris did not object to the district court's calculation of the policy-statement range, so our review would be for plain error. *See Wheeler*, 814 F.3d at 857. The court correctly ruled that Farris's possession of methamphetamine—one of his most serious violations—was a Grade B violation because it was punishable by up to two years in prison. *See* 21 U.S.C. § 844(a) (allowing up to two years in prison for defendants who, like Farris, have a prior drug conviction); U.S.S.G. § 7B1.1(a)(2). Based on this classification and Farris's undisputed criminal history category of V, the court correctly calculated an applicable range of 18 to 24 months in prison. *See* U.S.S.G. § 7B1.4(a).

Counsel next discusses whether Farris could argue that the district court insufficiently addressed his arguments in mitigation, *see Gall v. United States*, 552 U.S. 38, 51 (2007), but he is right that doing so would be pointless. Farris raised only one mitigating argument: that he evaded sentencing because he wanted to earn extra money to support his family before he was reincarcerated. The court considered this excuse, but it explained that if Farris had come in as initially ordered, instead of trying to dodge sentencing, he would "still be with [his] family now." That explanation was sufficient. *See United States v. Dawson*, 980 F.3d 1156, 1165 (7th Cir. 2020).

Finally, counsel correctly recognizes that any challenge to the substantive reasonableness of Farris's 36-month sentence would also be futile. Our review would be highly deferential, asking only whether the sentence was plainly unreasonable. *See Dawson*, 980 F.3d at 1165–66. Here, the district court adequately justified the above-range sentence based on the Chapter Seven policy statements and the relevant factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e)(3); *United States v. Raney*, 842 F.3d 1041, 1043 (7th Cir. 2016). The court highlighted Farris's lengthy criminal history, the number and seriousness of his violations, and the gravity of his post-revocation conduct (absconding for seven months). Farris, the court explained, had squandered a "big break"—the "rare" opportunity to avoid reimprisonment by proving to the court, even after admitting his violations, that he could abide by the law. Instead, he disappeared immediately after the court had "let [him] out to turn [his] life around." Further, the court reasonably concluded that Farris's record of noncompliance demonstrates that more supervised release would be ineffectual, so prison time was the only appropriate penalty.

We GRANT counsel's motion to withdraw and DISMISS the appeal.