**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021[*]
Decided May 26, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2260

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 1:09-cr-10122-001 |
| | |
| ISRAEL C. ISBELL, | Michael M. Mihm, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Israel Isbell, a federal inmate who has cerebral palsy, moved for compassionate release due to a Covid-19 outbreak at his prison, 18 U.S.C. § 3582(c)(1)(A). The district judge denied the motion after finding that Isbell had not established extraordinary and compelling reasons for release. Because the judge appropriately exercised his discretion in denying the motion, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

At the time he sought compassionate release, Isbell was serving a 15-year sentence at FCI Elkton in Ohio for downloading child pornography. He has since been transferred to FCI Hazelton in West Virginia and is scheduled to be released to a residential reentry center in August 2021.

In May 2020 Isbell filed his initial motion for compassionate release. Soon after, he tested positive for Covid-19 and eventually recovered. In June, aided by appointed counsel, he amended his motion to argue that FCI Elkton had one of the highest Covid-19 rates among the Federal Bureau of Prisons and that his cerebral palsy made him especially vulnerable to the virus. At that point FCI Elkton had 40 inmates with active Covid-19 cases. Isbell noted the absence of clear scientific evidence on the likelihood of reinfection or the heightened degree of risk faced by individuals with cerebral palsy. He also highlighted his rehabilitative efforts in prison, including his paralegal studies.

The judge denied the motion because Isbell had not shown "extraordinary and compelling reasons" for release under § 3582(c)(1)(A). The judge acknowledged that Elkton "clearly ha[d] a problem" controlling Covid-19 (by the time of the ruling, the prison had 362 cases) but noted the lack of conclusive evidence that Isbell's cerebral palsy made him more susceptible to severe complications if he contracted Covid-19 again. He also mentioned that Isbell was otherwise "in good health." Moreover, because Isbell had already contracted the virus, the judge speculated that "common sense would seem to indicate that there would be some sort of immunity built up" but that "there's no science supporting that … one way or the other." Finally, the judge discussed the sentencing factors of 18 U.S.C. § 3553(a) and emphasized the seriousness of Isbell's crime, extensive criminal history, and numerous (though mostly minor) prison disciplinary infractions.

After Isbell appealed, counsel moved to withdraw, *see* 7TH CIR. R. 51(a), explaining that he could find no nonfrivolous basis to challenge the ruling. We granted the motion. Proceeding pro se, Isbell argues that the judge unreasonably minimized the risk he faces from Covid-19. In his view the judge failed to account for an inmate's inability to avoid exposure in a prison environment lacking proper safety measures.

The judge did not abuse his discretion in denying relief. *United States v. Saunders*, 986 F.3d 1076, 1077 (7th Cir. 2021). He acknowledged the facility's problems in containing the spread of Covid-19 but permissibly found that Isbell offered no conclusive evidence that he faced any particularized risk of severe complications based on his cerebral palsy. Further, even if Isbell had shown that his condition presented an

extraordinary and compelling reason, the judge adequately explained why the § 3553(a) factors weighed against release. *See id.* at 1078. The judge stressed the serious nature of Isbell's child-pornography offense, which he committed while on parole for a state offense; his extensive criminal history, including convictions for burglary, felony theft, and multiple drug crimes; and his numerous prison disciplinary violations, including the use of synthetic marijuana.

Isbell also argues that the judge wrongly presumed—based on "common sense"—that he had "some sort of immunity" after his first infection. (Isbell reports testing positive a second time shortly after his transfer to Hazelton.) But Isbell misapprehends the judge's explanation. Although the judge conjectured that Isbell's prior case might reduce his chance of reinfection, he mentioned the lack of scientific evidence "one way or the other." In finding that Isbell had not shown extraordinary and compelling circumstances, the judge relied not on any potential immunity but on the lack of definitive risk factors.

Finally, Isbell argues that we should not have permitted his attorney to withdraw without first affording him an opportunity to respond to counsel's conclusion that any appeal would be frivolous. But inmates who seek a sentence reduction under § 3582(c) have no constitutional right to counsel, *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021), so the safeguards of *Anders v. California*, 386 U.S. 738, 744 (1967)—including the defendant's right to respond to counsel's motion, 7TH CIR. R. 51(b)—do not apply, *see Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). When *Anders* does not apply, we may "freely grant" a motion to withdraw. 7TH CIR. R. 51(a). To the extent Isbell asks us to recruit new counsel, we decline to do so because the appeal is not legally or factually complex and he has competently litigated it himself (indeed, he obtained his paralegal certification while this appeal was pending). *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc).

We have considered Isbell's other arguments, and they lack merit.

AFFIRMED