NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2021
Decided October 25, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1673

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 12-cr-30116-SPM-1 |
| EDWARD C.M. MOLTON, JR., *Defendant-Appellant.* | Stephen P. McGlynn, *Judge.* |

## O R D E R

Edward C.M. Molton, Jr. appeals the revocation of his supervised release and his 18-month sentence, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). A defendant who appeals a revocation order does not have an unqualified constitutional right to counsel, so the *Anders* safeguards need not govern our review. *Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Even so, our practice is to apply them. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and

addresses potential issues that an appeal of this kind would be expected to involve. Because his analysis appears thorough, and Molton has not responded to the motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Molton was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and sentenced to nine years in prison and three years of supervised release. A little over a year into Molton's term of supervision, his probation officer petitioned for revocation based on multiple violations of the conditions of release, the most serious of which related to Molton's contact with police about the kidnapping and suspected murder of Kein Eastman by Molton's associates, Kenwyn and Kendrick Frazier. The probation officer alleged that Molton filed a false police report and made false statements about the use of his rental car during the offense. Other alleged violations were possessing marijuana, failing to submit monthly reports, and associating with a person engaged in criminal activity. Molton denied the alleged violations, so the district court held an evidentiary hearing.

Inspector Nicholas Manns from the Illinois State Police, who investigated Eastman's disappearance, testified that Eastman was last seen on the night of August 13, 2020, fleeing from Kenwyn Frazier, a convicted felon. Around 8:30 that night Frazier, driving a gray Dodge Durango, chased after Eastman who was bleeding from his head and possibly shot. At 11:06 that night, after a flurry of 16 phone calls between Molton and Frazier, Molton reported his rental car, a gray Dodge Durango, stolen. Molton told the officer who took his report that he left the car, with the keys inside, in front of his grandmother's house, and it was gone when he returned. The Durango was later found burned to its frame, presumably to cover up any evidence related to Eastman's disappearance. Later, Inspector Manns discovered Molton's stolen car report and records of the phone calls between him and Frazier. When Manns interviewed Molton, Molton repeated his version of events and refused to answer any more questions when confronted with records of the phone calls. Molton does not appear to have participated in the incident. But video and other evidence demonstrated that Molton's story about the Durango could not be true.

Molton's parole officer also testified. She related that Molton had tested positive for marijuana, failed to submit monthly reports, and failed to notify her within 72 hours after having contact with the police in connection with the purportedly stolen car.

Molton did not testify and did not put on any evidence. The district court concluded that the government had proved by a preponderance of the evidence that

Molton committed all the violations alleged in the petition and that revocation was therefore mandatory.

Sentencing came next. The court stated, and both parties agreed, that the applicable term of reimprisonment under the policy statements in Chapter Seven of the Sentencing Guidelines was 12 to 18 months. U.S.S.G. § 7B1.4. The district court weighed the 18 U.S.C § 3553(a) factors, noting the mitigating facts—Molton's impressive work ethic, his efforts to care for his grandmother, and her strong support of him—but concluded that a sentence at the high end of the range was appropriate considering his criminal history, his entanglement with the disappearance of a young man, and his continued criminal activity and apparent immunity to deterrence. The court sentenced Molton to 18 months of reimprisonment and 1 additional year of supervised release.

In assessing the potential issues for appeal, counsel discusses whether the revocation is subject to challenge on appeal without telling us, as he should, if he consulted with Molton about whether he wishes to challenge his revocation or just the sentence. *See Wheeler*, 814 F.3d at 857. In any case, we agree with counsel's conclusion that it would be frivolous to argue that the revocation was improper.

Counsel rightly concludes that Molton could not reasonably argue that the evidence against him was insufficient to support revocation. Under 18 U.S.C. § 3583(e)(3), violations must be proved by a preponderance of the evidence. We review a decision to revoke supervision for an abuse of discretion and any factual findings supporting the decision for clear error. *See United States v. Falls*, 960 F.3d 442, 445 (7th Cir. 2020). At the revocation hearing, a police officer testified that Molton reported his car was stolen immediately after he had several phone conversations with a convicted felon—who had just pursued a now-missing person in what was almost certainly Molton's supposedly stolen car. As counsel rightly asserts, it would be frivolous to argue that the district court did not have discretion to credit that uncontroverted testimony to conclude that Molton filed a false police report, lied to police, and was in contact with a convicted felon and a person engaged in criminal activity. *See id*. Nor could Molton contend that the court abused its discretion in believing the probation officer's undisputed testimony that Molton violated his conditions of release by possessing a controlled substance, failing to file monthly reports, and not timely reporting his contact with the police. *See id*.

Next, counsel considers whether it would be frivolous to argue that the district court did not apply the proper sentencing range. Molton did not object to the calculation of the policy-statement range of imprisonment, so our review would be for

plain error. *See Wheeler*, 814 F.3d at 857. We agree with counsel that no such error could be found here. As counsel explains, the 12-to-18-month range was appropriate because Molton's most serious offenses were Grade B violations: for example, in Illinois, filing a false car theft report is punishable by imprisonment of three to seven years, 625 ILCS 5/4-103(a)(6); 730 ILCS 5/5-4.5-35. And the correct criminal-history category is the one from the initial offense—here, category IV. *See* U.S.S.G. § 7B1.4 cmt. n.1. Those inputs result in an imprisonment range of 12 to 18 months. U.S.S.G. § 7B1.4.

Likewise, counsel concludes that the district court permissibly imposed an additional year of supervised release. The terms of supervision and imprisonment together cannot exceed the length of supervision authorized for the underlying conviction. *See* 18 U.S.C. § 3583(h). Here the underlying conviction was for a Class C felony, *id.* § 922(g)(1), authorizing 3 years of supervised release. *See id.* § 3583(b). Molton's 18 months of reimprisonment and 1 year of additional supervised release are cumulatively fewer than 3 years. Therefore, counsel rightly concludes that challenging the term of supervised release would be frivolous.

Finally, counsel explores whether Molton could plausibly argue that the revocation sentence was "plainly unreasonable." *United States v. Dawson*, 980 F.3d 1156, 1165 (7th Cir. 2020). Counsel rightly concludes that there is no non-frivolous argument to raise. The district court weighed the sentencing factors and explained why a sentence at the high end of the range was necessary. *See* 18 U.S.C. § 3553(a). Further, a within-range sentence is presumed reasonable on appeal, and nothing in this record could rebut that presumption. *See United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.