NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022
Decided February 18, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 21-2607 & 21-2609

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Western District of Wisconsin. |
| *v.* | Nos. 10-cr-2-wmc-1, 10-cr-98-wmc-1 |
| ROBERT McCALLIE, *Defendant-Appellant*. | William M. Conley, *Judge*. |

## O R D E R

Robert McCallie appeals the six-month sentence he received after the revocation of his supervised release, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). A defendant who appeals a revocation order does not have an unqualified constitutional right to counsel, so the *Anders* safeguards need not govern our review. *Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Even so, our practice is to apply them. *See United States v.*

*Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because his analysis appears thorough, and McCallie's response, *see* CIR. R. 51(b), does not raise other potential arguments, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

McCallie's original sentence, imposed in 2010, was the product of convictions in two separate cases (which explains this consolidated appeal). In one case, he was convicted of armed bank robbery, 18 U.S.C. § 2133(a), (d), and using a firearm in furtherance of a violent felony. *Id.* § 924(c)(1)(A)(ii). His other conviction was for another armed bank robbery. All told, after a modification, his sentence was ten years in prison and three years of supervised release. After McCallie's release, and a little less than two years into his term of supervision, his compliance with the conditions of supervision faltered. After several months of informal intervention by the district court, his probation officer petitioned for revocation of his release. The charged violations were McCallie's failures to report for drug testing, comply with his probation officer, abstain from marijuana, and meet his financial obligations.

The district judge held a hearing and found that McCallie was violating the conditions of his release but did not revoke it. Instead, the judge deferred the decision for months to give McCallie the chance to get back on track. But before the next hearing, the probation officer filed a supplemental petition alleging that McCallie attempted to falsify a drug test, had tested positive for marijuana and cocaine, and was drinking alcohol. Because of this, the judge ordered a new hearing to be held sooner, but McCallie did not show, and the hearing had to be rescheduled.

At the hearing, the judge found, based on the evidence in the probation officer's report, that McCallie was violating his conditions of supervised release. McCallie did not contest the violations but explained that he had suffered trauma at a young age, was effectively raised in prison, and used drugs to cope, though he knew he was addicted.

McCallie's then-fiancée also testified. She was formerly a mental health professional and related that McCallie's addiction was, in her view, a mental health issue, which she doubted would be treated by reincarceration. McCallie's probation officer also briefly testified, emphasizing the attempt to falsify his drug test.

Sentencing came next. The judge stated that the applicable term of reimprisonment under the policy statements in Chapter Seven of the Sentencing Guidelines was 7 to 13 months. U.S.S.G. § 7B1.4. McCallie's counsel did not disagree but argued that under the 18 U.S.C § 3553(a) factors, a lenient sentence was appropriate because of McCallie's traumatic past, youth, mental-health issues, and his admission

that he had an addiction problem. Ultimately, the judge concluded that a below-guidelines sentence was appropriate and ordered six months of reincarceration—ideally to be served at a pre-release facility—followed by another year of supervised release.

In assessing the potential issues for appeal, counsel appropriately tells us that he consulted with McCallie, who confirmed that he does not wish to challenge the revocation. *See Wheeler*, 814 F.3d at 857. It is therefore unnecessary for counsel to discuss the revocation procedure, but we agree with counsel that the judge complied with Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, and any argument for plain error on that basis would be frivolous. Counsel also rightly concludes that an argument that the district court abused its discretion by revoking supervision would be frivolous. *See United States v. Falls*, 960 F.3d 442, 445 (7th Cir. 2020). At the revocation hearing, it was uncontested that McCallie violated the conditions of his release by using drugs and attempting to falsify a drug test, so it would be frivolous to argue that the judge did not have discretion to revoke.

As for the sentence, counsel first concludes it would be frivolous to argue that the judge incorrectly calculated the reincarceration range under the policy statements. McCallie did not object to this at sentencing, so our review would be for plain error. *See Wheeler*, 814 F.3d at 857. No such error could be found here. As counsel explains, the 7-to-13-month range was correct because McCallie's offenses were Grade C violations, U.S.S.G. § 7B1.1, and his criminal-history category when he was initially sentenced was level V. *See* U.S.S.G. § 7B1.4 cmt. n.1.

Nor could it be argued that there was plain error in imposing an additional year of supervised release. For a revocation sentence, the terms of supervision and imprisonment together cannot exceed the length of supervision authorized for the underlying conviction. *See* 18 U.S.C. § 3583(h). Here the underlying convictions included Class A and B felonies carrying up to five years of supervised release. *See id.* § 3583(b). McCallie's six months of reimprisonment and one year of additional supervised release amount to less than five years.

Counsel next considers whether McCallie could raise a non-frivolous challenge to his six-month prison sentence and correctly concludes he could not. To succeed, McCallie would need to show that the sentence was plainly unreasonable. *United States v. Dawson*, 980 F.3d 1156, 1165 (7th Cir. 2020). McCallie would like to argue that the judge did not give enough weight to his struggles with addiction, anxiety, and post-traumatic stress disorder, which he contends are the true causes of his violations. But the judge was well aware of these troubles. Indeed, the judge tried to accommodate McCallie by responding to his violations first with an informal conference, and then

with a hearing at which he deferred a decision on revocation to give McCallie another chance. And before sentencing him, the judge weighed the sentencing factors and explained that, to deter further reoffending and protect the public, some time in prison was necessary. *See* 18 U.S.C. § 3553(a). Finally, the sentence was below the policy-statement range, providing no support for any argument by McCallie that it is unreasonable. *See United States v. Peterson*, 852 F.3d 629, 631 (7th Cir. 2017).

We have also considered the possibility that the judge's extensive remarks about McCallie's drug addiction, and the hope that McCallie would get sober and commence long-term rehabilitation, could be the basis of a non-frivolous argument that the judge erred by imprisoning McCallie to treat his addiction. *See Tapia v. United States*, 564 U.S. 319, 335 (2011). But we conclude that the judge's remarks do not reflect an intent to impose or lengthen the chosen sentence specifically for McCallie to receive addiction treatment.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeals.