In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1402

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SHON L. GIBSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:16-cr-00086-TLS-SLC-1 — **Theresa L. Springmann**, *Chief Judge.*

ARGUED SEPTEMBER 13, 2019 — DECIDED MAY 7, 2020

Before BAUER, ROVNER, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge*. On December 14, 2016, Shon L. Gibson
("Gibson"), was arrested and charged with possessing with
intent to distribute methamphetamine and being a felon in
possession of a firearm. Gibson pleaded guilty but reserved his
right to appeal the order denying his motion to suppress
evidence seized from his home pursuant to a search warrant.

On appeal, Gibson argues the indictment should be dismissed or the evidence suppressed because the evidence seized was the direct result of an illegal stop, search, and arrest. Since we find the evidence was not obtained as a result of violations of the Fourth Amendment, we affirm.

## I.  BACKGROUND

One evening, Officer Brandon Garrison encountered Gibson, a suspected drug trafficker, walking with a companion. Although initially a consensual encounter, Officer Garrison questioned Gibson and his companion and briefly detained Gibson. After Gibson and his companion departed, Officer Garrison spotted a methamphetamine pipe under his patrol vehicle. Local law enforcement conducted a traffic stop of Gibson's vehicle in the curtilage of his driveway. A drug detection dog signaled presence of a controlled substance in the vehicle, though nothing was found.

Earlier that day, Gibson's wife met with Drug Enforcement Administration ("DEA") agents to tell them about methamphetamine inside the home. To protect her children, Mrs. Gibson cooperated with DEA agents by providing weekly information about Gibson. Mrs. Gibson called the DEA agents, who assured her the traffic stop was not initiated by their investigation. Local law enforcement used information Mrs. Gibson had provided to obtain a search warrant. The search of the home uncovered drugs, drug paraphernalia, currency, and AK-47 rifles, which led to Gibson's arrest. A grand jury indicted Gibson.

Gibson moved to suppress all evidence seized during the search, alleging he was detained without reasonable suspicion,

unlawfully frisked, arrested without probable cause, stopped without probable cause or reasonable suspicion, and the traffic stop exceeded a permissible scope. Upon learning of his wife's cooperation, Gibson also argued her statement was insufficiently attenuated to justify the search warrant. The district court referred the matter to a magistrate judge who held evidentiary hearings and ultimately recommended the motion be denied. Gibson filed objections to the magistrate judge's report pertaining only to Gibson's initial encounter with Officer Garrison. The district court found Gibson's arguments unpersuasive.

## II. DISCUSSION

Before the district court, Gibson challenged the magistrate judge's findings and conclusions that the initial encounter with Officer Garrison complied with the Fourth Amendment. This court reviews the district court's Fourth Amendment findings *de novo*. *United States v. Contreras*, 820 F.3d 255, 261 (7th Cir. 2016). Where a magistrate submits proposed findings of fact and recommendations to the district court, parties may file objections to the magistrate's conclusions within fourteen days. 28 U.S.C. § 636(b)(1). Under the rule, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Here, the magistrate judge made findings on three issues: (1) whether the initial encounter with Officer Garrison complied with the Fourth Amendment; (2) whether the traffic stop by Deputy Hartman complied with the Fourth Amendment; and (3) whether Mrs. Gibson's statement was sufficiently attenuated from any Fourth Amendment violation. The magistrate judge directed the parties to

make written objections within fourteen days reminding them that failure to do so waived their right to appeal.

Gibson's objection related to only the first issue: whether the initial encounter with Officer Garrison complied with the Fourth Amendment. Gibson did not object to the other two findings. The district court correctly reviewed the second and third issues of the traffic stop and attenuation for clear error because of Gibson's failure to object. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Gibson failed to raise these two objections to the magistrate judge, they are waived. Gibson's failure to object to the magistrate judge's findings and recommendation on these issues waives appellate review. *United States v. Charles*, 476 F.3d 492, 495–96 (7th Cir. 2007). The magistrate judge's findings and conclusions that Mrs. Gibson's voluntary statement with DEA agents was independently sufficient to sustain findings of probable cause, and sufficiently attenuated from subsequent events to preclude suppression, is conclusively established and accepted by this court as unchallenged.

## III.  CONCLUSION

Since the evidence was not obtained as a result of Fourth Amendment violations, we AFFIRM the judgment of the district court.