NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022
Decided April 5, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3162

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>BYRON PIERSON,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:12CR00026-001<br><br>James P. Hanlon,<br>*Judge.* |

**O R D E R**

Byron Pierson appeals the district court's revocation of his supervised release. But his appointed counsel believes that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We grant the motion to withdraw and dismiss the appeal.

A defendant does not have an unqualified constitutional right to counsel in revocation proceedings, *see Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973), so the *Anders*

safeguards need not govern our review. Even so, our practice is to apply them. *See, e.g., United States v. Wheeler*, 814 F.3d 856 (7th Cir. 2016). Because counsel's brief appears adequate and addresses the issues we would expect in an appeal of this kind, we limit our review to the issues she raises in the brief as well as those that Pierson addresses in his response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); CIR. R. 51(b).

This appeal has a complicated procedural history. In October 2017, Pierson began a two-year term of supervised-release, one condition of which barred possession of firearms. Five months into his term of supervision, he was arrested, and police found a gun in his waistband. The probation office then sought to revoke his supervised release.

Shortly thereafter, federal prosecutors, relying on the conduct set forth in the revocation petition, charged Pierson with being a felon in possession, in violation of 18 U.S.C. § 922(g)(1). Pierson was detained pending both the revocation proceedings and federal prosecution.

Both proceedings bogged down. In the criminal case, Pierson's attorney requested and received six continuances. In the revocation proceedings, more than a year passed before Pierson agreed to plead guilty to the new federal offense (18 CR 155) and admit to the supervised-release violations (12 CR 26). No change-of-plea hearing was held, however. Later, Pierson's retained counsel moved to withdraw in both the revocation case and the new federal case. A magistrate judge granted the motion and appointed the federal defender to represent him in both the criminal prosecution and the revocation proceedings. But, a few months later, the district judge allowed Pierson to proceed pro se in the revocation case.

Pierson then moved to withdraw from the agreement in the revocation case and to dismiss the petition to revoke supervision. He argued that his supervised-release term had long since expired and could not be tolled because the delays in his adjudication had been unreasonable.

The district judge allowed Pierson to withdraw from the agreement but refused to dismiss the petition. Based on the tolling provision in 18 U.S.C. § 3583(i), the judge determined that Pierson had been responsible for most of the delays—meaning the delays were reasonable—and thus Pierson's term of supervision had not expired.

A magistrate judge held a hearing on the petition to revoke supervised release and recommended that the petition be granted. In her report, she recommended finding that Pierson was guilty of possessing a firearm (among other violations), revoking his

supervised release, and sentencing him to 18 months' imprisonment with no additional supervised release.

Pierson objected to the report, arguing that he was entitled to credit for his time served in pre-revocation detention. The district judge overruled the objection, saying that time-served credit was left to the Bureau of Prison's discretion. The Bureau ended up crediting Pierson for his pre-revocation detention.

In the criminal case, a jury found Pierson guilty of possessing a firearm as a felon. The judge there sentenced him to 96 months' imprisonment, to run concurrently with the revocation sentence.

Counsel first considers—and properly rejects as frivolous—an argument that the district court lacked authority to revoke his supervised release because the term had been set to expire a year earlier. (His term, which had been set to expire in October 2019, was not revoked until October 2020.) An ongoing supervised-release term is tolled during a period of pretrial detention that is later credited as time served for a subsequent, separate conviction. *Mont v. United States*, 139 S. Ct. 1826, 1829, 1832 (2019). Pierson's term of supervised release thus was tolled when he was detained for the new criminal conduct, beginning in April 2018. Some of the time Pierson spent in pretrial detention has been credited to his 18-month supervised-release sentence and some has been credited to the sentence on the new federal offense.

Pierson points us to *United States v. Block*, 927 F.3d 978, 981–82 (7th Cir. 2019), where we said that defendants' supervised-release terms do not toll when they are imprisoned only for a supervised-release revocation. But *Block* is inapposite because it does not address the situation like Pierson's, in which a defendant subsequently is convicted of another crime.

Counsel also considers whether Pierson could raise a nonfrivolous challenge regarding the 30-month delay between his arrest and his revocation hearing. Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure requires that a revocation hearing, unless waived, be held "within a reasonable time." But on the facts of this case, a challenge to the timing of the hearing would be frivolous. One of the factors we would rely on to assess the delay of revocation proceedings is the reason for the delay. *See United States v. Rasmussen*, 881 F.2d 395, 398 (7th Cir. 1989). And here Pierson—often through his lawyer—was responsible for most of the delay, having requested at least half a dozen continuances or extensions of time. *See United States v. Robey*, 831 F.3d 857, 864 (7th Cir. 2016) (no violation where defense requested ten continuances, requested

multiple changes in counsel, and entered and withdrew from a plea agreement); *Ashburn v. Korte*, 761 F.3d 741, 752 (7th Cir. 2014) (same when defense requested six continuances).

Pierson responds that these delays should not be attributed to him because it was his attorney who requested the continuances without his knowledge or consent. But Pierson, as the principal of his attorney, is charged with the delays his attorney caused, even if his attorney did not consult him beforehand. *Vermont v. Brillon*, 556 U.S. 81, 90 (2009); *Ashburn*, 761 F.3d at 753.

Counsel also considers whether Pierson could raise a nonfrivolous challenge under the Double Jeopardy Clause, given that his possession of a firearm served as the basis for both his supervised-release revocation and subsequent criminal conviction. But counsel properly rejects this challenge as frivolous because double jeopardy is not implicated if a defendant's supervised release is revoked for committing a crime and he later is convicted of committing the same crime. *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996); *accord Ford v. Massarone*, 902 F.3d 309, 322 (D.C. Cir. 2018). Pierson tries to distinguish *Wyatt* on grounds that his revocation sentence post-dated the expiration of his supervised release, but this argument is beside the point because his supervised-release term had not expired.

Counsel next asks whether Pierson could raise a nonfrivolous challenge to his sentence or any legal or factual conclusions the magistrate judge made at the revocation hearing. But counsel properly concludes that any such challenge would be frivolous because Pierson waived it. Defendants waive appellate review of an issue from a magistrate judge's report and recommendation when they fail to make a similar objection to the district judge. *United States v. Gibson*, 958 F.3d 661, 662–63 (7th Cir. 2020); FED. R. CRIM. P. 59(b)(2). Here, Pierson made only one objection to the magistrate judge's report, and the district judge overruled that objection. By not objecting to any other aspect of the report (i.e., procedural errors, factual findings, the decision to revoke, or the revocation sentence), Pierson waived any such challenges.

Finally, Pierson wishes to challenge the lawfulness of his pre-revocation detention. But challenges to pretrial detention become moot when the detention ends— either by release or conviction. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540–41 (2018).

We GRANT counsel's motion to withdraw and DISMISS the appeal.